NELLIE A. DEGGE, Appellant, v. THE FIRST STATE BANK OF EUSTIS, *et al.*, Appellees.

199 So. 564

En Banc

Opinion Filed January 7, 1941

*Wilkerson & Gaylord,* for Appellant;

*C. Harold Hippler* and *Frank W. Stebbins,* for Appellees.

ADAMS, J.—The First State Bank of Eustis was the

owner of a note secured by a mortgage, both executed by Meta P. and Anna A. Schade. The bank endorsed the note and assigned the mortgage to the appellant. In executing and assigning the note and mortgage several clerical errors were made.

After maturity, suit was brought by the appellant to correct the errors in the note and mortgage and also to foreclose.

The prayer was to correct the defects in the note and mortgage and assignment, for foreclosure and general relief. There was no special relief prayed for a deficiency judgment.

The final decree was entered September 22, 1937, granting the reformation of the instruments and a foreclosure. In the final decree the court stated: "Jurisdiction, power and authority hereby is reserved and maintained and shall exist in this case for the purpose of decreeing such other and further and subsequent relief as the pleadings and evidence in this case shall make proper."

On the 21st of December, 1939, the chancellor entered a deficiency decree against the maker and denied it as to the endorser bank, reciting that the matter of a deficiency decree came on before the court at the time of the entry of the final decree and was continued for further consideration, that the matter of a deficiency decree again came on for further consideration at the time the court confirmed the sale and the court further continued the matter of the deficiency for further consideration.

On appeal we reviewed the correctness of the order denying the deficiency against the bank.

In this case the chancellor was guided in his decision by the decisions of this Court. Reves, *et al.,* v. Younghusband, 101 Fla. 165, 133 So. 618; Prevatt, *et ux.,* v. The Federal Land Bank of Columbia, 129 Fla. 464, 176 So. 494. In

these cases this Court held that equity was without power to enter a deficiency decree in a mortgage foreclosure against the endorser of the mortgage note in the absence of a statute or rule of Court authorizing it. It borders on the ridiculous to assert that a court of equity is without power to do something without a court rule whereas the court itself could have theretofore made the rule. It is a settled principle of equity that once it takes jurisdiction it will retain the same for all purposes to give full, complete and adequate relief as between all parties touching the subject matter involved therein. The powers of a court of equity are and should be coextensive with the rights of the parties in the subject matter involved.

Equity will never take jurisdiction where the parties have a plain, adequate and complete remedy at law. It is reluctant to assume jurisdiction. However, once it is obtained, equity will jealously guard it.

Equity came into existence as a means of granting justice in cases wherein the law by its rigid principles was deficient. It has been truly called a court of conscience. It should not be shackled by rigid rules of procedure and thereby preclude justice being administered according to good conscience.

We think, therefore, the principles announced in Reves v. Younghusband and Prevatt v. Federal Land Bank, *supra,* insofar as they are in conflict with the views expressed herein, should be overruled and receded from inasmuch as this is vital to the remedies of the holders of commercial paper.

Should any question of fact arise where, in the discretion of the chancellor, he feels the issue should be submitted to a jury, he has ample authority to do so. Smith v. Croom, 7 Fla. 180.

The conclusion of the Court in this case is sustained in reason and logic. Otherwise a court of equity would sanction delay and permit a creditor to trifle with his debtor. A court of equity should not surrender its jurisdiction of the parties and subject matter only to have the matter come immediately to the law side, to have a jury empanelled and and in most cases a verdict directed.

If it be said that equity is dealing a harsh remedy it may be answered that equity is only enforcing the contract the parties made.

It is contended further that the chancellor was without authority to enter a deficiency against the bank because no express prayer was made for it in the bill. This contention is without merit.

It is further contended that the bank was not a necessary party and therefore the relief against them should have been limited to the reformation of the instrument in question. While the bank was not a necessary party it was a proper party. "Any person may be made a defendant who has or claims an interest adverse to the plaintiff. Any person may at any time be made a party if his presence may be necessary or proper to a complete determination of the cause." Section 8, 1931 Chancery Act. Pepple v. Rogers, 104 Fla. 462, 140 So. 205. "All persons materially interested either legally or beneficially in the subject matter of a suit may be made parties either as complainants or defendants, so that a complete decree may be made binding upon all the parties." Baynard v. City of St. Petersburg, 130 Fla. 471, 178 So. 150.

The judgment appealed from is accordingly reversed with directions to the chancellor to consider and adjudicate the question of the liability of the endorser for a deficiency decree.

TERRELL, C. J., WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

THOMAS, J., dissents.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.