'CARROLL, CHAS., Chief Judge.
This is an appeal from a summary judgment for the defendant, in an action for damages for breach of a contract for certain construction.
The appellant assigned as error and argued that the trial court erred in vacating a default in the law action and in granting the summary judgment.
On 'the first point we find that the record shows no abuse of discretion in the .action 'O'f .the court in vacating the default.
On the second point, the question raised is whether a decree obtained by the appellant in his equity suit foreclosing a lien under Chapter 84, Fla.Stat., F.S.A., which was filed and progressed to conclusion during the pendency of the law action, was determinative of the matters involved in the latter so as to justify its dismissal on defendant’s motion for summary judgment.
The record discloses that on motion of defendant in the law action (after the equity suit was in progress) the trial thereof was delayed or continued pending completion of the equity suit; and that after the equity decree was entered an amended answer was filed in the law action reciting that decree and pleading it as a bar to the action. The defendant then moved in the law action for the summary judgment, which the court granted.
Appellant, the plaintiff below, argues that the court was in error in granting the summary judgment and dismissing his claim for damages in the law action, because the particular damages which he sought had not been litigated and included in the equity suit.
The trial court’s order granting summary judgment recited that it was made on consideration of the record and exhibits in the equity case, “and upon the admissions of counsel.”
The matters thus referred to by the court as a predicate for its action were not brought before us in this record. In that circumstance, as stated in Cohen v. Cohen, Fla.1954, 70 So.2d 362, 363, “where the findings of the lower Court were based upon evidentiary matters or a record which is not included in the transcript on appeal, it is impossible for this Court to review the orders of the lower Court.”
For the foregoing reasons the judgment appealed from must be and hereby is affirmed.
Affirmed.
HORTON and PEARSON, JJ., concur.