CARROLL, CHAS., Judge.
The appellant, who was the plaintiff below, appeals from an adverse judgment in an action brought by him on a promissory note to recover the deficiency thereon after foreclosure of a mortgage given to secure the same.
The facts briefly stated are these: The appellees gave their promissory note for $5,000 to a named payee on March 26, 1957, together with a mortgage on certain real estate. On April 1, 1957, the payee assigned the note to fhe appellant. For a default, a suit was filed to foreclose the mortgage and a final decree of foreclosure was entered on February 25, 1958. That decree directed the Clerk who was to make the sale to report any resulting deficiency “for such further orders as the court may deem proper.” The amount of the indebtedness as fixed by the foreclosure decree was $6,185.90. The foreclosure plaintiff bid in the property for $500, and the Clerk reported a deficiency of $5,700.20. In defending the law action brought later by the appellant seeking a judgment for the unpaid deficiency, the appellees Jensen and wife relied on the action of the chancellor in the foreclosure suit with respect to the deficiency, as precluding recovery of the deficiency at law. The cause was tried before the court without a jury and judgment was entered for the defendant. The learned trial judge set out his reasons at length in his judgment, and included certain findings with reference to the mortgage foreclosure suit and the action of the chancellor in that case. The file showing *332 the proceedings in the chancery suit was accepted as part of the record in the law action, but it was not brought before this court in the transcript, and the portions thereof material to the position taken by the appellant were not shown by appendix or otherwise in the record on appeal.
It is not necessary for us to rule on whether the various reasons assigned by the trial judge for his judgment are correct under the law, because the judgment reveals one basis for his decision which of itself amply supports the judge’s ruling and requires affirmance of the judgment appealed from. That is the finding by the trial judge that the chancellor in the foreclosure suit considered the matter of a deficiency decree and “chose not to enter the same” upon certain equitable considerations which were referred to in the judgment in this case.
As we read and construe the language on this feature contained in the judgment of the trial court in this case, it is a recital and holding that in the prior suit in which the mortgage was foreclosed an application for deficiency decree was made, considered and rejected by the chancellor, for equitable considerations which the chancellor deemed sufficient. The denial of a deficiency decree in the foreclosure suit on that basis required the court to grant judgment for the defendant in the later action at law for such deficiency. See § 702.06, Fla.Stat, F.S.A.; Provost v. Swinson, 109 Fla. 42, 146 So. 641; Belle Mead Development Corporation v. Reed, 114 Fla. 300, 153 So. 843; Crawford v. Woodward, 140 Fla. 38, 191 So. 311; Kissling v. McCarthy, Fla.App. 1958, 100 So.2d 434.
In the argument here appellant challenged the correctness of those findings by the trial judge in the present case. Appellant’s argument was based on his contentions as to what would be disclosed by the record in the foreclosure suit. However, the appellant may not dispute, and dislodge from the judgment appealed from, the findings of the trial judge with reference to the record of the prior foreclosure suit, without exhibiting here the record of proceedings and the documents involved. “The matters thus referred to by the court as a predicate for its action were not brought before us in this record. In that circumstance, as stated in Cohen v. Cohen, Fla.1954, 70 So.2d 362, 363, ‘where the findings of the lower Court were based upon evidentiary matters or a record which is not included in the transcript on appeal, it is impossible for this Court to review the orders of the lower Court.’ ” Fricke v. Gaines Construction Co., Fla.App.1958, 105 So.2d 374, 375. See, also, Greene v. Hoiriis, Fla.App.1958, 103 So.2d 226; Hall v. Davis, Fla.App.1958, 106 So.2d 599; 3 Am.Jur., Appeal & Error, § 568.
Accordingly, the judgment appealed from should be and hereby is affirmed.
Affirmed.
HORTON, C. J., and PEARSON, J., concur.