CARROLL, CHAS., Judge.
The appellant Kathaleen Mary Horra filed her complaint for divorce against the appellee, in the circuit court in Dade County in August 1958. The husband was duly served with process but did not answer, and a decree pro confesso was entered against him on September 8, 1958. Some 14 months thereafter the plaintiff caused the case to be brought on for final hearing, on November 19, 1959, and obtained a final decree of divorce, which was recorded on November 23, 1959.
On December 3, 1959, the husband Mike Horra filed a motion to vacate and set aside the final decree, in which he alleged that immediately after service of the complaint for divorce, his wife informed him that she *671 was dismissing the suit; that he relied on his wife in regard to this dismissal and did nothing to contest the suit; that since the bringing of the suit and to the date of the motion, he and the plaintiff had lived together as husband and wife; and that he had but recently learned that a decree pro confesso and final decree of divorce had been entered against him. He charged that a fraud had been perpetrated on himself and on the court, and moved that the decrees previously entered be vacated, and the cause dismissed. The wife responded by filing an affidavit in which inter alia, she denied living with defendant since the filing of the complaint, though they resided in the same house; and offered certain explanations for the undue delay in obtaining the final decree.
 Following a hearing on the motion to set aside the decree, at which the parties presented evidence, the chancellor vacated the decree, and then dismissed the cause for want of prosecution. The basis and reasons for that ruling appear sufficiently in the opinion order which was entered by the learned chancellor, as follows:
“This Cause having come on to be heard before me upon the petition of the defendant to set aside the decree pro confesso and the final decree heretofore entered in this cause, and the Court having considered the said petition and having heard the sworn testimony of the parties to this suit as well as their witnesses, and argument of respective counsel, and the Court finding that the parties to this suit lived together under the same circumstances and conditions subsequent to the institution of this suit as they had lived together prior to the institution of this suit, and that the plaintiff fraudulently misled the defendant into believing that she did not intend to prosecute this action, and as a result of such fraud on the part of the plaintiff, the defend- . ant, Mike Horra, has not been afforded an opportunity to have his day in court, and the Court further finding that this cause was not prosecuted for a period of over one year; it is thereupon
“Ordered, Adjudged and Decreed that the decree pro confesso and the final decree of divorce heretofore entered in this cause he and the same are hereby cancelled, set aside and declared void, and the above entitled cause is hereby dismissed for lack of prosecution without prejudice and at the cost of the plaintiff.”
In the circumstances disclosed in that order, the chancellor properly set aside the decree and dismissed the cause. Appellant’s argument that the record does not support the chancellor’s finding and that the dismissal of the suit was an abuse of discretion are without merit. The chancellor’s order is cloaked with a presumption of its correctness and freedom from error. See Florida Power & Light Co. v. Ahearn, Fla.1960, 118 So.2d 21; 2 Fla.Jur., Appeals, § 314. The complete record of the proceeding before the court on the petition to vacate the decree is not before us, and the portion thereof produced by the appellant fails to demonstrate error. See Cohen v. Cohen, Fla.1954, 70 So.2d 362; Simon v. Simon, Fla.App.1959, 114 So.2d 21; Frank v. Jensen, Fla.App.1959, 114 So. 2d 331. See also § 45.19(1), Fla.Stat., F. S.A.
Affirmed.
HORTON, C. J., and PEARSON, J., concur.