## HICKS v. GIBBS CORPORATION, et al.

No. 62-69-E.

Circuit Court, Duval County.

March 2 and June 19, 1962.

Harold B. Wahl of Loftin & Wahl, Jacksonville, for plaintiff.

Arthur J. Gutman of Gutman & Friedman, Jacksonville, for defendant Gibbs Corporation.

Chester Bedell and Harris Dittmar of Bedell, Bedell & Dittmar, Jacksonville, for defendant George W. Gibbs, Jr.

George J. Talianoff, Miami Beach, for defendant General Capital Corporation.

John D. Corse of Ulmer, Murchison, Kent, Ashby & Ball, Jacksonville, for Gibbs Shipyards, Inc., intervenor.

Franklin Reinstine of Reinstine, Reinstine & Panken, Jacksonville, for trustee in bankruptcy of Gibbs Corporation.

CHARLES R. SCOTT, Circuit Judge.

*Final decree of foreclosure and sale, March 2, 1962:* This cause coming on to be heard upon the pleadings, proceedings, and proofs filed herein, and the court having heard sworn testimony, and being fully advised in the premises, does, upon consideration order, adjudge and decree as follows —

1. This court has jurisdiction of the subject matter and the parties.

2. The equities are with the plaintiff and against the defendants, and each of them.

3. There are due and owing to the plaintiff on account of the mortgage indebtedness the principal amount of $300,000, plus interest to March 2, 1962 in the amount of $36,250, together with the sum of $35.50 for title search photostatic copies, the sum of $30,000 for attorneys' fees, which sum this court determines to be reasonable and just, the sum of $11 for clerk's filing fees, and the sum of $16 for sheriff's costs.

4. For the payment of the several sums mentioned in paragraph 3 above and for the payment of the further costs of this suit, plaintiff has a lien upon the property herein foreclosed, which lien has superior dignity to any right, title, interest, or claim of the defendants, or any of them, and if said sums and costs are not paid forthwith, the property described in and subject to the lien of said mortgage, to-wit —

"S.S. *Henry Wynkoop* and appurtenances, said appurtenances including, without limitation, all equipment, machinery and appliances on and used in connection with said vessel on December 16, 1960, now, or at any time between said dates. Vessel built of steel at New Orleans, Louisiana, in 1942. Length 422 feet, breadth 57 feet, gross tons 7191, net tons 4360. Formerly documented official no. 242603. Located at foot of Hendricks Avenue, Jacksonville, Florida."

be sold by the clerk of this court to the highest and best bidder for cash between the hours of 11 in the forenoon and 2 in the afternoon on the 30th day of March, 1962, at the main door of the Duval County Court House in Jacksonville, Florida, after having given public notice of said sale as provided by statute.

5. Subsequent to the recording of plaintiff's mortgage here foreclosed on March 30, 1961, and within four months prior to January 23, 1962, numerous judgments were entered against defendant Gibbs Corporation and executions placed in the hands of the sheriff of Duval County, Florida, but the court hereby holds that as a matter of law each of said judgments and executions is junior, inferior and subordinate to the lien of plaintiff's mortgage. Moreover, certified copies of papers have been filed herein showing that Gibbs Corporation on January 23, 1962, filed a petition under chapter 11 of the Bankruptcy Act and said bankruptcy proceedings are now pending in the United States District Court for the Southern District of Florida. The court takes judicial notice of the provisions of section 67 of the Bankruptcy Act, 11 U.S.C. 107, providing that every lien against the property of Gibbs Corporation obtained by attachment, judgment, levy or other legal or equitable process or proceedings within the four months prior to January 23, 1962, while it was insolvent, shall be deemed null and void. Further, there have been filed herein — (a) photographic copies of all executions on file in the office of the sheriff of Duval County, all of which were issued on judgments entered within four months prior to January 23, 1962, (b) copy of the petition filed by said debtor, Gibbs Corporation, in said bankruptcy proceedings including each of said judgment creditors, and (c) certified copy of the order entered by Honorable Charles W. Merritt, referee in bankruptcy, on February 26, 1962, decreeing each of said judgments and the liens on said judgments to be null and void.

6. After confirmation of the sale of the property, whether such confirmation be by the clerk filing the certificate of title, as required by statute, or by order of the court, the clerk shall pay —

(a)   All costs and expenses of this suit, including the fee of $5 to the clerk for his services as provided by statute, and the fee allowed plaintiff's attorneys.

(b)   The amount due plaintiff on account of the mortgage indebtedness, together with interest thereon at the rate specified in the promissory note evidencing said debt, from the date of this decree through the date of sale of the property, as well as any other amounts found due and owing the plaintiff in paragraph 3 hereof.

If there be a surplus remaining after payment of these sums, the clerk shall pay the surplus into the registry of this court, to be disbursed as this court shall direct. If the amount at the sale realized be insufficient to pay the above sums, the clerk shall report the amount of deficiency to this court.

7.   The plaintiff may bid and be the purchaser of the property at the sale and may bid the mortgage lien as cash up to the amount secured by the mortgage. Should the plaintiff be the successful bidder, then after confirmation of sale, whether such confirmation be by the clerk filing the certificate of title, as required by statute, or by order of this court, the plaintiff shall pay all of the items and amounts provided in paragraph 6(a) above. The plaintiff shall, after making all of said payments, credit the balance of the amount bid against the amount due under this decree. The plaintiff shall thereupon make a certificate, which shall certify that all of the items and amounts required to be paid under the provisions of paragraph 6(a) hereof, have been paid in full and that the balance of the amount bid has been credited to the amount due plaintiff under this decree. Such certificate shall be filed with the clerk, who shall accept such certificate as cash and attach to his certificate of disbursements.

8.   After confirmation of the sale, whether by the clerk filing his certificate of title, or by order of the court, each defendant, and all persons claiming any right, title or interest in and to said property, by, through, and under the defendants, or any of them, or otherwise since the commencement of this suit, are severally barred and foreclosed from any and all right, title, interest, claim, property, possession or demand in or to the property, and the purchaser at the sale and the purchaser's grantees or agents, shall be let into possession of the property.

9.   This court retains jurisdiction of this cause and the parties for the purpose of making such further orders and decrees as this case requires.

*Decree confirming sale and title of plaintiff purchaser at sale, and awarding deficiency, June 19, 1962:* This cause coming on to be heard, after due notice, on plaintiff's motion for confirmation of sale and for deficiency decree, and defendants' objections thereto, and the court having heard the matter at length, having received the testimony of witnesses and extensive briefs and argument of counsel, upon consideration, the court makes the following findings of fact —

1. Each of the defendants herein was personally served with summons and complaint, each appeared herein by counsel, and a deficiency decree was specifically prayed for in said complaint.

2. As alleged in the complaint herein, as specifically admitted by both answers of Gibbs Corporation and George W. Gibbs, Jr., and not denied at the hearing, the plaintiff, Douglas M. Hicks, Jr., as trustee of Gibbs Corporation retirement trust fund, pursuant to the direction of the retirement committee of said retirement trust fund, on December 16, 1960, loaned Gibbs Corporation $300,000, secured by the note and mortgage here foreclosed. All parties agreed said note should bear interest at 10% from date thereof.

3. Further, as shown by resolution passed by the said retirement committee on March 21, 1962, filed herein, and by the testimony adduced before the court, said plaintiff trustee made said loan pursuant to such direction as he was required to do under the plan and agreement designating him as trustee.

4. The defendant, Gibbs Corporation, received the full $300,-000. The defendant, George W. Gibbs, Jr., personally endorsed said note and at said time George W. Gibbs, Jr., was not only the president of Gibbs Corporation and chairman of the retirement committee which directed that the loan be made, but was also director and principal stockholder of Gibbs Corporation, and the guarantor of most of the obligations of Gibbs Corporation. Said Gibbs, Jr., was not an accommodation endorser or surety on said note, but personally received value for said note and benefited from the loan. He specifically agreed in advance in his endorsement of the note to pay any renewals or extensions of said note, and thus consented to such extensions or renewals. The court holds further he did not allege or prove that any extension of said note, or postponement of holder's right to enforce the same, were made without his knowledge or consent.

5. Pursuant to the court's final decree of foreclosure and sale entered herein on March 2, 1962, and after due publication, public sale was had herein on March 30, 1962. Certificate of sale has

been filed by the clerk of this court showing that the highest and best bid for cash received for the property at the sale was submitted by the plaintiff trustee at the sale in the amount of $150,-000, and the clerk has further certified that that was the only cash bid received at that sale.

6. The retirement committee hereinabove referred to has now directed the plaintiff trustee to sell the said mortgaged property (so bid in by plaintiff at judicial sale) to Gibbs Shipyards, Inc., for the net price of $150,000, as shown by its resolution of March 21, 1962, hereinabove referred to and filed herein, the resolution not only showing that the original loan was made at the direction of the retirement committee and the $150,000 sale is being made at the direction of the committee, but that this $150,000 net offer is the best offer than can be realized for the sale of the mortgaged property, despite diligent efforts to find a better offer. The plaintiff trustee has advised the court he is selling the mortgaged property (so bid in by him at said judicial sale) to Gibbs Shipyards, Inc., for a net price of $150,000 accordingly.

7. The court specifically finds, after hearing all the evidence, that this $150,000 net offer was the best that could be had and that it was plaintiff trustee's duty to accept the same. Cf. Estate Realty Corp. v. Taubel, 154 So. 222, 114 Fla. 409, 441. The court finds that plaintiff trustee acted with diligence and good faith in accepting the offer.

Pursuant to the above findings of fact, and in the light of all of the record herein, the court concludes as a matter of law —

A. Said loan was made by the plaintiff trustee to the defendant, Gibbs Corporation, with the endorsement of the defendant, George W. Gibbs, Jr., at the specific direction of the retirement committee under the retirement plan for employees of Gibbs Corporation, the trustee was required to make such loan pursuant to such direction; and the plaintiff as trustee is further required to make the sale of the mortgaged property so bid in by him for the net price of $150,000 pursuant to the direction of the said retirement committee, particularly since that is the best offer that has been received despite diligent efforts to find a better offer.

B. The sale by the clerk herein to the plaintiff for $150,000 as shown by the clerk's certificate of sale filed herein on March 30, 1962, should be, and the same is hereby approved and confirmed, and the objections to sale served by defendants, Gibbs Corporation and George W. Gibbs, Jr., on April 9, 1962, be, and the same are hereby overruled and denied.

C. Defendants have failed to find anyone who is ready, able and willing to give more for the property than the $150,000 amount for which it was sold. See 22 Fla. Jur. 470, 471, Sec. 366 on Mortgages, and 22 Fla. Jur. 476-478, Sec. 370 on Mortgages, and Florida cases cited for each section.

D. Under the circumstances set forth hereinabove, it would be inequitable and unconscionable for the plaintiff not to be awarded a deficiency decree against Gibbs Corporation and George W. Gibbs, Jr., jointly and severally, and such deficiency decree is justified as a matter of law. See 22 Fla. Jur. 510, 525; F.S. 702.06; Degge v. First State Bank (1941), 145 Fla. 438, 199 So. 564; Tendler v. Gottlieb (Fla. DCA3, 1961), 126 So.2d 308, Scheneman v. Barnett (1951), 53 So.2d 641; 22 Fla. Jur., 1962 Supplement, page 19, citing Frank v. Jensen (Fla. DCA3, 1960), 114 So.2d 331.

And it appearing to the court, and the court finding that by the final decree entered herein on March 2, 1962, there was adjudged as due and payable, and that the defendants, Gibbs Corporation and George W. Gibbs, Jr., are personally liable for the following — the principal amount of $300,000, plus interest at 10% (the amount provided by the notes and mortgage) to March 2, 1962, the date of final decree, in the amount of $36,250, together with the sum of $35.50 for title search photostatic copies, the sum of $30,000 for attorney's fees, and the sum of $27 for court costs, making an adjusted total of $366,312.50, plus interest thereon at the legal rate of 6% per annum from March 2, 1962 (see 22 Fla. Jur. 369 and Am. Sec. Co. v. Goldsberry, 69 Fla. 104, 67 So. 862), and costs thereafter to accrue; that on March 30, 1962, the plaintiff, at the specific direction of said Gibbs Corporation retirement committee, bid in the property described in said final decree, and such property was sold to said plaintiff for $150,000; that in connection with the sale the plaintiff paid $5 for clerk's fee for making the sale and $6.50 for publishing notice of sale, a total of $11.50, and has paid $59 for transcript of final hearing filed herein; that on March 30, 1962, the clerk filed his certificate of sale, on April 9, 1962, plaintiff filed certificate of disbursements, and that the court has overruled defendants' objections to sale; that this leaves a deficiency computed as follows — $366,312.50, plus interest thereon at the rate of 6% per annum from March 2 to June 19, 1962, in the amount of $5,442.08, plus $11.50 costs of sale, and $59 cost of transcript of final hearing, a total of $371,825.08, less the sale price of $150,000, making a total net deficiency of $221,825.08.

It is thereupon ordered, adjudged and decreed that Douglas M. Hicks, Jr., as trustee of Gibbs Corporation retirement trust

fund, do have and recover of and from the defendants, Gibbs Corporation and George W. Gibbs, Jr., jointly and severally, the sum of $221,825.08, for all of which let execution issue.

It is further ordered, adjudged and decreed that the clerk's certificate of sale to plaintiff filed herein on March 30, 1962, be, and the same is hereby approved and confirmed; that title to the property described in the final decree be, and it is hereby vested in Douglas M. Hicks, Jr., as trustee of Gibbs Corporation retirement trust fund, purchaser of the property at the sale; and the clerk of this court be, and he is hereby directed to file and record herein certificate of title to the plaintiff, reciting therein that the court has overruled the objections to sale.

And Gibbs Shipyards, Inc., having been permitted to intervene herein, and the intervenor praying for the entry of an order confirming the sale and stating it has entered into an agreement for the purchase of the S.S. *Henry Wynkoop*, it is further ordered, adjudged and decreed that the sale by the plaintiff trustee to Gibbs Shipyards, Inc., of the S.S. *Henry Wynkoop* for a net price of $150,000 hereinabove referred to, be, and the same is hereby approved, and said parties are hereby authorized and directed to consummate said sale.