207 So.2d 296 (1968)
R.C. #17 CORP., a Florida Corporation, Appellant,
v.
Jack KORENBLIT and Lillian Korenblit, Appellees.
No. 67-542.
District Court of Appeal of Florida. Third District.
February 13, 1968.
Rehearing Denied March 13, 1968.
Richard L. Lapidus, Miami, for appellant.
Horton & Schwartz, Miami, Street & Greenfield, Miami Beach, for appellees.
Before CHARLES CARROLL, C.J., and HENDRY and SWANN, JJ.
SWANN, Judge.
The issue on this interlocutory appeal is whether a circuit judge in this equity case could properly order a jury trial for a plaintiff in order to determine whether they were entitled to compensatory and punitive damages, and if so, the amount.
The order of the judge below was rendered subsequent to the adoption of the Florida Rules of Civil Procedure, 1967 Revision. The history of this case is set forth in pertinent part in the able dissent filed herein.
*297 We are of the opinion that the consolidation of law and chancery procedure, under the revised rules, did not abolish chancery or law, and that the substantive law should be applied to the actual allegations and relief sought in a complaint or petition as was done prior to the adoption of the revised rules. Rule 1.040, Florida Rules of Civil Procedure, 1967, 30 F.S.A., simply provides that there shall be one form of action to be known as "civil action."
We also find that the question of whether a jury should try the facts in an action is still to be decided by the tests of this right which have existed since the effective date of the Constitution of the State of Florida or by legislative enactment.
With these principles in mind, let us examine this case, in its posture before us, on appeal.
Here, the appellees sought, by their amended complaint, (1) a mandatory injunction to abate a continuing trespass to their real property, and (2) compensatory and punitive damages. They were granted, over objection, a jury trial to determine whether they were entitled to such damages and if so, the amount.
In Florida, it has generally been held that equity can award damages as an incident to restraining a trespass. 12 Fla. Jur. Equity, § 46, p. 198; Wiggins v. Williams, 36 Fla. 637, 18 So. 859 (1896).
That portion of the order submitting the issue of compensatory damages, if any, to a jury, as an incident to proper and appropriate equitable relief, is therefore appropriate.
That portion of the order submitting the issue of punitive damages, if any, to a jury conflicts with the rule that equity may not award punitive damages unless authorized by statute. Orkin Exterminating Co. of So. Fla., Inc. v. Truly Nolen, Inc., Fla.App. 1960, 117 So.2d 419. See also 48 A.L.R.2d 947. No authorization for an award of punitive damages by statute has been shown in this cause.
That portion of the order submitting the issue of punitive damages, if any, to a jury for determination, in this equity matter, is reversed.
Affirmed in part, reversed in part.
It is so ordered.
HENDRY, Judge (dissenting).
I respectfully dissent from the majority holding.
Appellants, who were defendants in the trial court below, seek review by interlocutory appeal of an order granting appellees' motion for trial by jury on the issue of damages. The order appealed contains a clear recitation of the facts and the law upon which the chancellor based his decision. Those portions of the order which are most pertinent to the questions here presented read as follows:
"This cause was originally instituted by Complaint filed on the 18th of June, 1964 as a common law action, wherein the Plaintiffs alleged a willful and wanton disregard of their property rights in that the Defendants knowingly and willfully encroached upon land owned and occupied by the Plaintiffs by constructing a building in such a manner as to cause a seam to be cut in the Plaintiffs' building, and the roof of Defendants' building was `tied into' and against the Plaintiffs' building. The Complaint further alleged that as a result of such conduct the Plaintiffs' property became damaged and diminished in value, for which compensatory and punitive damages were sought.
"Plaintiffs subsequently filed an amended Complaint for mandatory injunction and other relief, and alleged that the remedies at law were not adequate and, in addition to compensatory and punitive damages, a mandatory injunction should issue to abate the continuing trespass.

*298 "Upon motion and stipulation of parties the Court entered its Order permitting the filing of the Amended Complaint and transferring the cause to equity.
"This cause came on for final hearing upon the Amended Complaint and the Answer of the Defendants averring a general denial, and alleging certain affirmative defenses.
"During the course of such hearing Plaintiffs moved to submit the issue of damages, both compensatory and punitive, to a jury, and sought assessment of attorneys' fees against the Defendants. The Court thereupon continued the cause pending argument and ruling upon the motions.
"The motion to submit the issue of damages to a jury places squarely before this court the question whether a court of equity may, in its discretion, impanel a jury or transfer the cause to law, to determine certain factual issues.
"The Plaintiffs have sought relief in equity, and properly so, since an award of damages would not abate the continuing trespass and could not give the plaintiffs their needed relief in removing the encumbrances and clearing the cloud upon the title to the property; yet purely equitable relief will deprive the Plaintiffs of their claimed right to punitive damages since a Chancellor is without authority to award punitive damages. Orkin Exterminating Co. of South Florida, Inc., et al. v. Truly Nolen, Inc. (Fla. App.] 117 So.2d 419.
"It has long been held that an aggrieved party resorting to the courts to settle a controversy has a right to select a forum through which he can secure full, adequate and complete relief. `Equity regards as done that which ought to be done.' This `maxim' is as old as the courts of equity. Spear v. [MacDonald] McDonald [Fla.] 67 So.2d 630.
"Equity is reluctant to assume jurisdiction, but once having done so will not enter a partial or incomplete decree but will administer full, complete, and final relief. 12 Fla.Jur., Equity, Sec. 43; Degge v. First State Bank [145 Fla. 438] 199 So. 564; Griffin v. Bolen, 5 So.2d 690; Pepple v. Rogers [104 Fla. 462] 140 So. 205.
"In order for the Plaintiffs to have full relief they must have the opporunity to submit the issues as to the damages claimed, to the consideration of a jury. The Chancellor has the right, within his discretion, and the duty, to submit such issues as he might deem advisable to a jury. `It is settled that the submission of a factual question in an equity case to a jury is one in the discretion of the Chancellor.' Berg v. New York Life Insurance Company [Fla.] 88 So.2d 915; Smith v. [Croom] Crown, 7 Fla. 180; Welgoss v. End [Fla.App.] 112 So.2d 390; Degge v. First State Bank, supra.
"A court of equity should afford remedies and enforce rights in light of the circumstances, and should provide complete and final relief to the litigants. It is therefore:
"ORDERED, ADJUDGED AND DECREED, as follows:
"1. Plaintiffs' Motion to submit the issue of damages to a jury be, and the same is hereby granted, and this cause shall be set upon the jury docket of this Court for the specific purpose of determining the issue as to whether the Plaintiffs are entitled to damages, both compensatory and punitive, and if so, the amount of same.
"* * * * * *
"3. This Court shall retain jurisdiction of this cause for the taking of such additional testimony as may be necessary, and for the entry of such judgment or orders as it may deem advisable, to grant full relief to the parties."
*299 The substance of appellant's contention is that trial by jury does not exist in courts of equity. While appellant concedes that a chancellor may impanel a jury to serve in an advisory capacity, it asserts that such action is discretionary with the chancellor and not a matter of right. Appellant reasons that if there were any situation in which trial by jury could be had as a matter of right, equity would not take jurisdiction since there would exist an adequate remedy at law.
I am of the opinion, however, that the chancellor was correct in taking jurisdiction in this case. He found, and I agree, that the remedy at law was not adequate to abate the continuing trespass.
I am of the opinion also that the appellees in this case are entitled, as of right, to a jury trial on the issue of damages. The right to trial by jury is guaranteed by the Declaration of Rights, § 3, Fla. Const., 25 F.S.A. As that section of the Constitution is construed in Wiggins v. Williams, 36 Fla. 637, 18 So. 859 (1896), the right of trial by jury is preserved in those cases in which jury trials were granted at common law at the time the Constitution was adopted. This would normally preclude jury trials in equity actions such as this one. Issues will not be submitted to a jury where it appears that they are traditionally within the province of the chancellor to decide. Lincoln Tower Corp. v. Dunhall's-Florida, Inc., Fla. 1952, 61 So.2d 474. However, we are dealing here with a case not within the province of the chancellor, for it is well settled that, absent statutory authority, punitive damages may not be awarded by a court of equity. Orkin Exterminating Co. of South Florida, Inc. v. Truly Nolen, Inc., Fla.App. 1960, 117 So.2d 419.
Certain language in the case of Olin's, Inc. v. Avis Rental Car System of Florida, Fla.App. 1961, 131 So.2d 20, may be applied to the present case. In Olin's, this court held:
"The right of a trial by jury exists as to those issues which were triable before a jury at common law, regardless of the form of suit or proceeding which may be devised or used for their solution."
It can not be questioned that trespass was a common law cause of action existing at the time the Florida Constitution was adopted and that jury trials were granted in such actions. See, Prosser, Torts, §§ 7, 13 (3rd ed., 1964). Therefore, I conclude that the chancellor had no discretion in granting or denying a jury trial in the instant case. Failure to grant a jury trial would have been a violation of the Declaration of Rights, § 3, Fla. Const., supra.
I would affirm the order of the lower court.