CARROLL, Judge.
This is an interlocutory appeal from an order denying a motion of the defendants to dismiss a second amended complaint.
Based on allegations of fraud in the use or misuse of plaintiff’s monies in connection with certain real properties the plaintiff, by an amended complaint, sought equitable relief of accounting, injunction and an equitable lien on the properties involved, and also sought compensatory and punitive damages. In an order ruling on certain motions including motions of the defendants, the trial court denied motions of the defendants to dismiss the amended complaint, except as to the demand therein for punitive damages, with reference to which the court granted leave to the plaintiff “to amend her complaint in that particular.”
A second amended complaint was filed incorporating the allegations of the prior complaint and in addition alleging certain matters in support of a claim for punitive damages; and therein the plaintiff prayed for compensatory and punitive damages.
Defendants moved to dismiss the second amended complaint. The motion was denied and this appeal followed. In the notice of appeal the nature of the order appealed from was stated to be “order denying defendants’ motion to dismiss plaintiff’s second amended complaint.” The single error assigned was entry of the order denying the motion to dismiss the second amended complaint.
The appellants seek reversal on the contention that the order amounts to a holding by the trial court that punitive damages are recoverable in an equity case, contrary to decisions holding otherwise. See Orkin Exterminating Company v. Truly Nolen, Inc., Fla.App.1960, 117 So.2d 419; R. C. #17 Corp. v. Korenblit, Fla.App. 1968, 207 So.2d 296.
However, the motion to dismiss was directed to the entire second amended complaint, which as stated above, by express reference had repeated and realleged all of fhe allegations of the earlier complaint which the trial court previously had sustained against motions to dismiss.
In the circumstances presented we affirm the challenged order which denied the motion to dismiss the second amended complaint. In so ruling this court does not pass on the merits of the claim or prayer for punitive damages, leaving the propriety thereof in this case to be decided by the trial court, upon consideration of an appropriate motion directed thereto or otherwise as the trial court may determine.
Affirmed.