291 So.2d 210 (1974)
Joan T. KERN, Appellant,
v.
Jack D. KERN, Appellee.
Nos. 73-361, 73-362.
District Court of Appeal of Florida, Fourth District.
February 22, 1974.
Ronald E. Jones, West Palm Beach, for appellant.
Richard B. Burk, of Scott, Burk & Royce, Palm Beach, for appellee.
PER CURIAM.
This is an appeal by Joan T. Kern, respondent, from an order denying her motion to set aside default and final judgment entered pursuant thereto in favor of Jack D. Kern, petitioner.
The respondent's motion to set aside default and final judgment was filed pursuant to Rule 1.540(b), FRCP, 31 F.S.A., and was predicated upon "misrepresentations" and "fraudulent misrepresentations" made by the petitioner upon which respondent relied and which misrepresentations resulted *211 in respondent's failure to file a responsive pleading in a divorce action between the parties thereby allowing the default and final judgment to be entered against her.
Rule 1.540(b) provides, in part:
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; ..."
The policy of the courts of Florida in setting aside defaults in order to permit a trial on the merits is one of liberality; a greater leniency is granted in those cases not decided on the merits. Imperial Industries, Inc. v. Moore Pipe & Sprinkler Co., Fla.App. 1972, 261 So.2d 540; Florida Investment Enterprises, Inc. v. Kentucky Co., Fla.App. 1964, 160 So.2d 733; 19 Fla. Jur., Judgments and Decrees, Sec. 457. Reviewing the evidence in the record in light of the foregoing principle and with due regard to the proposition that a motion to vacate is addressed to the discretion of the trial court, we are of the opinion that the motion to vacate should have been granted. See North Shore Hospital, Inc. v. Barber, Fla. 1962, 143 So.2d 849; Gordon v. Vaughan, Fla.App. 1967, 193 So.2d 474; Coggin v. Barfield, 1942, 150 Fla. 551, 8 So.2d 9. There was sufficient evidence to demonstrate misrepresentation by the petitioner with particular regard to the matter of child custody so as to afford respondent a trial on the merits with respect to that issue and with regard to the other matters contained in a separation agreement previously entered into by the parties prior to the dissolution of their marriage; the misrepresentations were shown by the respondent to be such as to cause her not to contest the dissolution proceedings. See Horra v. Horra, Fla.App. 1960, 118 So.2d 670; 10A Fla.Jur., Dissolution of Marriage, Sec. 17.
The order appealed is reversed with directions to vacate the default and set aside the final judgment and take such further action as may be deemed appropriate and not inconsistent herewith.
OWEN, C.J., and WALDEN and MAGER, JJ., concur.