MAGER, C. J.,
dissenting:
In my opinion, the denial of petitioner’s motion for relief from final judgment pursuant to rule 1.540(b), Fla.R.Civ.P., constitutes a departure from the essential requirements of law for which certiorari should lie. White v. Spears (Fla. 3d DCA 1960), 123 So.2d 689.
The cases are legion for the proposition that if there is any reasonable doubt in the matter of vacating a default, it should be resolved in favor of granting the application and permitting a trial on the merits of the case. North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla.1962); Kern v. Kern, 291 So.2d 210 (Fla. 4th DCA 1974).
In my view, there is sufficient evidence in the record demonstrating mistake, inadvertence or an excusable neglect within the contemplation of Rule 1.540(b), supra. Although it is recognized that a motion to vacate is addressed to the sound discretion of the trial court, the circumstances indicate, most respectfully, that the motion herein should have been granted by the county court; having so failed to do such order should have been reversed by the circuit court sitting in its appellate capacity-
Based upon the policy of leniency and liberality in setting aside defaults, it is my opinion that certiorari should be granted and the lower court’s decision vacated and set aside with directions to the trial court to allow a hearing on the merits of the case.