## MAUTINO v PUBLIX SUPER MARKETS, INC.
### Case No. 84-45973 (19)
Eleventh Judicial Circuit, Dade County

July 11, 1986

### APPEARANCES OF COUNSEL

**Robert F. Weiner** and **Kathleen Phillips** for plaintiff.

**John-Edward Alley** and **Joseph W. Carvin, Alley & Alley, Chartered,** for defendant.

### OPINION OF THE COURT

JACK M. TURNER, Circuit Judge.

*ORDER STRIKING DEMAND FOR JURY TRIAL AND CLAIM FOR GENERAL COMPENSATORY AND PUNITIVE DAMAGES*

This cause came on for hearing on July 3, 1986 upon Defendant's motions to strike Plaintiff's claims for loss of wage earning capacity, mental anguish and other general damages, punitive damages and demand for jury trial. Present representing the Plaintiff were Robert F. Weiner and Kathleen Phillips. Present representing the Defendant were

Alley and Alley, Chartered by Joseph W. Carvin and John-Edward Alley. The Court heard arguments of respective counsel for the parties and carefully considered the entire file in this matter, including the Amended Complaint and the Memoranda of Law submitted by counsel for Plaintiff and counsel for Defendant. The Court finds as follows:

1. This action is brought under the Florida Human Rights Act, Chapter 760, Fla. Stat. (1983) (the "Act"). Claims under the Act are essentially administrative ones which lie in equity, and the Plaintiff is therefore entitled to neither a jury trial nor general compensatory and punitive damages. Rather, just as the Plaintiff would receive under the federal discrimination statute, Title VII of the Civil Rights Act of 1964 ("Title VII"), and just as the Plaintiff would receive in administrative proceedings before the Florida Commission on Human Relations ("FCHR"), Plaintiff is entitled only to a bench trial and to equitable relief such as reinstatement and back pay.

2. The Florida Human Rights Act is patterned after Title VII. *School Board of Leon County v. Hargis*, 400 So.2d 103 (Fla. 1st DCA 1981). As such, like Title VII, it is equitable in nature, and provides only equitable remedies—not general compensatory damages such as loss of wage earning capacity, mental anguish and other general damages. For example, Fla. Stat. Section 760.10(13) of the Act provides that a successful plaintiff may recover "back pay." Back pay is an equitable remedy. The Court notes that in *Johnson v. Georgia Highway Express*, 417 F.2d 1122, 1125 (5th Cir. 1969), that court pointed out that Title VII, which similarly provides for "back pay," is equitable in nature:

> The demand for backpay is not in the nature of a claim for damages, but rather is an integral part of the statutory equitable remedy . . .

3. As to punitive damages, the Court finds that the law is well settled that there is no entitlement to punitive damages in equity unless authorized by statute. *R.C. #17 Corp. v. Korenblit*, 207 So.2d 296 (Fla. 3d DCA 1968); *Orkin Exterminating Co. of South Florida v. Truly Nolen, Inc.*, 117 SO.2d 419 (Fla. 3d DCA 1960).

4. The Court further notes that in a Title VII case the law is well settled that a claim for general compensatory and punitive damages (as opposed to a claim for backpay and reinstatement) is unavailable and is properly dismissed. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982) (no claim for punitive damages, or for general damages such as emotional distress); *Pearson v. Western Electric Co.*, 542 F. 2d 1150 (1976); (no claim for punitive damages, or any compensatory damages other than back pay); *Hayden v. Atlanta Newspapers*, 534 F. Supp.

105

1166 (N.D. Ga. 1982); *Curran v. Portland Superintending School Committee*, 435 F. Supp. 1063, 1078 (S. D. Me. 1977), and cases cited therein. See also *Kiss v. Tamarac Utilities, Inc.*, 463 F. Supp. 951 (S. D. Fla. 1978). The Court notes that this rationale has been found equally applicable to claims under the Florida Human Rights Act. *Bennett v. Southern Marine Management Co.*, 531 F. Supp. 115 (M.D. Fla. 1982).

5. The Court notes that it has long been held that there is no right to a jury trial under Title VII. *Johnson v. Georgia Highway Express, supra*; *United States v. U. S. Steel Corp.*, 520 F. 2d 1043, n.1 (5th Cir. 1975). As previously noted, the Florida Human Rights Act is patterned after Title VII. *School Board of Leon County v. Hargis, supra*, note 2. There is no right to a jury trial under the Florida Act where a timely filed complaint is being timely processed by the FCHR (i.e. within the 180 days provided by Section 760.10(12), Fla. Stat.). In that case, the complainant receives only an administrative hearing before a DOAH hearing officer pursuant to the Administrative Procedure Act, Section 120.57(1), Fla. Stat. (1983). It would be anomalous indeed if the effect of the FCHR's failure to resolve a complaint within 180 days were to not only establish alternative jurisdiction in the circuit court, but also to (1) create a "right" to a jury trial in circuit court, rather than the "bench" trial available before a DOAH hearing officer, and (2) create an ability to recover significant additional forms of relief, rather than just the reinstatement and back pay available in the administrative proceeding. This conclusion is further buttressed by the express language of Section 760.10(13), Fla. Stats., which states that in the event of a finding of discrimination, "the commission, in the case of a complaint under subsection (10), or the court, in the case of a civil action under subsection (12)," is to award relief. There is no suggestion in the Act that the relief is to depend upon which forum, court or agency, is awarding it.

The Court has thus concluded that Plaintiff is not entitled to trial by jury or to general compensatory or punitive damages. Rather, the claim of Plaintiff is equitable in nature and he is entitled only to a bench trial and, if successful, to an award of reinstatement and backpay. Therefore, it is ORDERED AND ADJUDGED that:

1. Plaintiff's claims for general compensatory damages, including loss of wage earning capacity and mental anguish, and punitive damages are hereby stricken.

2. Plaintiff's demand for trial by jury is hereby stricken.

3. This cause is hereby removed from the jury trial calendar and will be reset for non-jury trial by separate order of this Court.

106

DONE and ORDERED in Chambers at Miami, Dade County, Florida, this 11th day of July, 1986.