PATTERSON, Judge.
L.L.T. Building Supplies, Inc. appeals from a final judgment transferring its maerialman’s lien from one set of lots to another. The trial court exercised its equitable jurisdiction this way in an attempt to rectify an unusual situation wherein an innocent party, Martinique Homes, Inc., found its property burdened with the lien. Although such a transfer appears to fall within the broad equitable powers of the circuit court, we hold that in this instance it was improper because Martinique had an adequate remedy at law.
*418 Mark Wilson, who is not a party to the appeal, owned four contiguous vacant lots in Hillsborough County. In 1984, he obtained a construction loan from Columbia Bank, and secured it with a mortgage on lots 31 and 32. Wilson then executed and recorded a notice of commencement reflecting a single family residence to be constructed on these lots. He began construction, however, on lots 33 and 34, upon which the bank held no lien.
This event went undetected, and when the house was seventy-five percent complete, Wilson defaulted on the construction loan. The bank, unaware that the home was on the wrong lots, foreclosed its mortgage and obtained title to lots 31 and 32. On February 27, 1987, it sold lots 31 and 32, and what it believed to be the incomplete structure thereon, to Martinique Homes. Martinique, believing it had purchased that structure, completed the work on lots 33 and 34.
In the meanwhile, appellant L.L.T. Building Supplies, Inc. (L.L.T.), perfected a $29,-998 judgment against Wilson for unpaid building materials. This judgment lien attached to lots 33 and 34, which Wilson still owned and upon which the house was built.
Martinique then entered into a contract for sale of the residence to James and Kim Mallard. When the Mallards’ lender obtained a survey, the true situation was at last discovered. Confronted with this situation, the bank arranged for Martinique and Wilson to trade lots. Martinique became owner of the house and lots 33 and 34, which were subject to the L.L.T. judgment lien.
Martinique then brought an action in equity against L.L.T., requesting the court to transfer the L.L.T. judgment lien from lots 33 and 34 to the vacant lots, 31 and 32. After a nonjury trial the lower court granted the relief sought.
The result reached by the trial court finds support in Brown v. Davis, 514 So.2d 54 (Fla.1987), which involved two adjacent lots in a residential subdivision. Davis’s predecessor in title to lot 16 mistakenly built a house on lot 17, owned by Brown. The trial court, finding that the lots were virtually identical and of equal value, ordered the parties to exchange lots. The transfer necessarily also required the transfer of an FHA mortgage and a bank lien between the lots to maintain the status quo of the respective lenders. The less drastic relief granted in this case of merely transferring a judgment lien from one parcel to another therefore appears to fall within the broad equitable powers of the lower court.
However, in affirming the holding in Brown, our supreme court said:
[Ojrdering an equitable exchange of deeds must be a last resort measure. We find that the trial court’s order below was premised on his finding that, based on all the facts presented, an exchange of deeds was the only remedy possible.
Brown, 514 So.2d at 56. Thus, all other avenues of relief must be unavailable. In this case, although there may be no other equitable remedy, Martinique Homes has an adequate remedy at law for damages against Columbia Bank.
Columbia Bank offered to sell Martinique Homes an unfinished house and the underlying real property. As part of the negotiations a bank officer took a representative of Martinique to the home, entered it with a key, and surveyed the remaining work to be done to complete the structure. The sale price was based upon the value of the land and the unfinished house. The bank then failed to convey to Martinique Homes that which it offered to sell and Martinique Homes agreed to buy. These facts will sustain an action at law for damages. See generally, Besett v. Basnett, 389 So.2d 995 (Fla. 3d DCA 1980); Williams v. McFadden, 23 Fla. 143, 1 So. 618 (1887). There being an adequate remedy at law, equitable relief is precluded. Degge v. First State Bank of Eustis, 145 Fla. 438, 199 So. 564 (1941). The final judgment is reversed and the lower court is *419 directed to enter judgment for the defendant.
DANAHY, A.C.J., and SCHOONOVER, J., concur.