FARMER, J.
The original owner seeks recovery of realty that she claims her attorney-in-fact unauthorizedly transferred to himself under a durable power of attorney. - Three months after filing suit, she sought the appointment of a receiver for the property, noting that liens against the property had been recently filed by the taxing authority and a homeowners association and that the property was in a state of disrepair. Over the objection of defendant, the trial court entered an order granting the motion and appointing Cindy Kehoe, as receiver, a local real estate agent. The trial court instructed her to make an evaluation of the property and to entertain offers for its purchase. Defendant did not timely seek non-final review of the order appointing the Receiver.
*811 Months later the Receiver petitioned the court for authority to accept an offer and sell the property. Her motion asserted that the property was uninhabitable, that tax and lien foreclosure were imminent, and that the offer was a fair price for the property “as is” without the necessity of making repairs. The court held an eviden-tiary hearing and heard testimony and received photographic and documentary evidence. Based on that evidence the court made the following findings:
“the property ... is in a total state of disrepair. The residence has mold infiltration and rodent infestation. Taxes have not been paid and various foreclosure claims have been filed against the property by the Homeowners Association for maintenance and/or assessments. The interior of the structure shows water damage as well as drywall separation from the walls and decay. The exterior is overgrown, the pool is non-functioning and a health danger, and the exterior shows numerous failures of stucco, cracks and overall lack of repair.... Neither of the parties has either the funds, ability or desire to maintain the premises or to prevent its sale at tax foreclosure.... “Essentially the terms of the offer are $475,000 cash with no contingency for financing in an “as is” condition.... [T]he purchaser plans to demolish the house and build another.... The court finds that the offer is fair, reasonable and just under the circumstances. The Court accepts the Receiver’s testimony that the current condition of the premises is uninhabitable and, given the current real estate market conditions, the buyer’s offer to purchase is a very good one and should be accepted. The Receiver is a licensed real estate agent who is familiar with properties in the area. Absent sale the property could well be lost or destroyed. Moreover, in its current condition, the house appears to be uninsurable, and constitutes possible liability to the parties.”
The order approved the sale, directed the Receiver to proceed with closing, authorized the Receiver to execute all necessary instruments of title for conveyance, and ordered the proceeds held in escrow by the Receiver’s attorney pending further order of the court. Defendant seeks non-final review of both the order appointing the Receiver and the order authorizing the sale.
Defendant is not entitled to review of the order appointing the Receiver because of untimeliness. As to the authority to proceed with the sale, the closing required by the order will result in an immediate transfer of possession of the residence to the buyer. We conclude that the order is renewable as an order providing for the immediate possession of property.
We find competent substantial evidence to support the findings of the trial court. These findings establish sufficient reason to allow the sale to proceed. Not only is the property in peril of loss to both parties by reason of foreclosure, but in its current condition represents a significant health and safety hazard. Neither party is able or willing to take necessary action to repair the property, satisfy taxes or liens, or make any possessory use of the premises. Under these circumstances, a sale would preserve the real interest of both parties in the controversy, transferring the claims of title in the realty to the proceeds of its sale. The trial court acted well within reasonable discretion in so providing.

Affirmed.

GUNTHER and MAY, JJ„ concur.