FARMER, J.
 

 The owner/mortgagor (owner) and an alleged guarantor appeal a non-final order allowing a receiver to sell the mortgaged property before final judgment in the foreclosure action. The receiver was appointed in the foreclosure action at the request of the mortgagee.
 
 [1]
 
 Because we conclude that the creditor and receiver have not demonstrated lawful authority for such a sale over the objection of the record owner before final judgment foreclosing the owner’s interest in the property, we reverse.
 

 These are the pertinent facts. The mortgaged property is a 180-room hotel in Boca Raton. In February 2008, the lender made a $28.8 million refinancing and construction loan to owner secured by a mortgage on the hotel along with its rents and profits.
 
 [2]
 
 The loan allocated $21 million to
 
 *165
 
 refinancing and the balance, for construction, was to be disbursed later under specified conditions.
 

 In April 2009 lender gave owner written notice of acceleration, claiming that a January 2009 installment was missed and that the entire balance was not paid at the end of term. It also cited an installment returned for lack of sufficient funds. .Owner alleges that no default ever occurred and that the notice failed to comply with the loan requirements.
 

 Lender filed its complaint to foreclose the mortgage in mid May 2009. All of its claims relate to liability under the debt created by the loan. Along with its initial pleading the lender moved for the appointment of a receiver. The mortgage provided for the appointment of a receiver upon default for the purpose of preserving the real property and appurtenances, to protect the property during foreclosure proceedings, and to collect rents.
 
 [3]
 
 The trial court appointed the receiver and placed him in control of all assets of the owner wherever located. The order did not authorize the receiver to sell the mortgaged property before a final judgment of foreclosure.
 

 In January 2010 the receiver reported to the court that the property was in a distressed condition, the operation of the hotel was losing $28,000 monthly, and that he was unable to raise borrowed funds to continue operation. That led to lender’s motion to sell the property as soon as a buyer could be found. In May 2010, the trial court granted lender’s motion and authorized the receiver to market the property and to cease operation of the hotel.
 

 Simultaneously with the foregoing proceedings, the lender filed a motion for summary judgment which the court denied. Meanwhile the case has been set for trial and the lender’s right to foreclose remains at issue.
 

 In June 2010 the receiver reported a willing buyer for $9 million. Owner objected to the sale, arguing there is no legal authority for the receiver to sell the property and that he could not convey good title. After an evidentiary hearing in July 2010 the court entered the order authorizing the sale.
 

 We have jurisdiction to review the non-final order because it would result in the immediate transfer of possession and ownership of the subject property even though issues remain on the foreclosure claim.
 
 [4]
 
 And because the issue presented is purely one of law, the correct standard of review is de novo.
 
 [5]
 

 We begin the authority question by noting that lender has not cited any statute
 
 *166
 
 specifically applying to the circumstances we face here and authorizing a court appointed receiver in a foreclosure case to sell the mortgaged property before the mortgage is foreclosed by final judgment.
 
 [6]
 
 In the absence of such a statute, we must find such authority in the loan agreement between the lender and borrower represented by the promissory note and mortgage.
 

 With regard to the appointment of a receiver upon default by owner, the mortgage states as follows:
 

 SECTION 5.04
 
 Mortgagee in Possession; Foreclosure Proceedings and Receiver.
 

 (a) Upon [default] Mortgagee shall have the right to be placed as mortgagee in possession or to have a receiver appointed to take possession of all or any part of the Mortgaged Property,
 
 with the power to protect and preserve the Mortgaged Property, to operate the Mortgaged Property preceding foreclosure or sale, and to collect the Rents from the Mortgaged Property and apply the proceeds, over and above the cost of receivership, against the indebtedness.
 
 The mortgagee in possession or receiver may serve without bond if permitted by law. Lender’s right to the appointment of a receiver shall exist whether or not the apparent value of the Mortgaged Property exceeds the indebtedness by a substantial amount. Employment by Mortgagee shall not disqualify a person from serving as a receiver.
 

 As we read this provision, the critical terms respecting the power and authority of any appointed receiver are:
 

 “with the power to protect and preserve the Mortgaged Property, to operate the Mortgaged Property preceding foreclosure or sale, and to collect the Rents from the Mortgaged Property and apply the proceeds, over and above the cost of receivership, against the indebtedness.”
 

 It is plain to us that this receivership provision does not purport to give the receiver any power of sale of mortgaged property before the entry of judgment foreclosing the mortgage. Indeed, it explicitly limits the receiver’s powers to a caretaker role — “to protect and preserve the Mortgaged Property” — which includes the authority only to operate the property and collect rents.
 

 Because the specification in the mortgage of only certain delimited receivership powers strongly implies the deliberate exclusion of other more extensive powers, it is apparent to us that no receiver power of sale before final judgment was ever intended in the agreement between the parties on this mortgage loan. The manifest intent of their agreement excluding such a power of sale similarly leads us to reject as inapposite those cases recognizing broad general powers in equity that could allow such a receiver to sell mortgaged property before foreclosure.
 
 [7]
 

 As the contract between the parties failed to grant an explicit power to sell the mortgaged property during foreclosure proceedings before judgment, we also con
 
 *167
 
 sider Florida common law as to such general receivership powers. But as owner points out, the general Florida rule is that the mere appointment of a receiver does not itself confer any of the owner’s power or authority to sell such property.
 
 [8]
 
 Also the general Florida rule is that the role of a receiver in a foreclosure action is only to preserve the property’s value.
 
 [9]
 

 Moreover every mortgagor has a statutory right of redemption, made part of every mortgage, which continues even after a post-judgment foreclosure sale until issuance of a certificate of sale by the clerk of court conducting the sale.
 
 [10]
 
 Recognizing a general interim power of a receiver to sell mortgaged property in a foreclosure case would contravene these statutory rights and principles.
 

 In light of the foregoing we hold that the trial court order allowing and approving a sale by the receiver before final judgment was error. We quash the orders and remand for consistent proceedings.
 

 Reversed.
 

 POLEN and DAMOORGIAN, JJ., concur.
 

 [1]
 

 . The lender/mortgagee was Mutual Bank. It has since been taken over by the FDIC, who is now the actual parly in interest. Nonetheless, we refer to it as
 
 lender.
 

 [2]
 

 . Appellant Bisaría is a guarantor of the loan.
 

 [3]
 

 . Owner objected to the receiver on the grounds that lender had not shown that the value of the mortgaged property was insufficient to satisfy the mortgage debt. Owner waived that requirement in the mortgage receivership provision.
 

 [4]
 

 .
 
 See
 
 Fla. R.App. P. 9.130(a)(3)(C)(ii);
 
 Arzuman v. Saud,
 
 964 So.2d 809 (Fla. 4th DCA 2007) (order approving sale of property, directing receiver to proceed with closing and authorizing receiver to execute all necessary instruments of title for conveyance reviewable as order providing for immediate possession of property).
 

 [5]
 

 .We reject lender’s argument that the standard of review involves a discretionary decision. The issue raised by owner is whether there is any legal authority to sell the property over its objection and before final judgment of foreclosure. A question of discretion would arise only if the court could give the receiver authority to make such a sale. It is that condition we must decide, not whether the terms of sale represent an abuse of discretionary authority properly granted.
 

 [6]
 

 . To lender’s argument that § 608.4492, Florida Statutes (2009), authorizes the receiver to sell the property here, we note there is no claim seeking dissolution of owner, a limited liability company. Nothing in that statute remotely purports to give mortgage foreclosure receivers such general authority.
 

 [7]
 

 . For example, lender relies on
 
 Degge v. First State Bank of Eustis,
 
 145 Fla. 438, 199 So. 564 (1941), for the general proposition that once equity takes jurisdiction it will give full, complete and adequate relief, that equity often allows harsh remedies. But the Court made clear that equity is enforcing only the contract made by the parties. 145 Fla. at 442, 199 So. 564. Here the bargain of the parties excluded a receivership power of sale before final judgment.
 

 [8]
 

 .
 
 Eppes v. Dade Developers Inc.,
 
 126 Fla. 353, 170 So. 875 (1936) (appointment of receiver does not affect title to property: receiver is officer of court whose appointment does not deprive owner of rights; receiver merely holds for rightful owner until matter is determined).
 

 [9]
 

 .
 
 Cone-Otwell-Wilson Corp. v. Commodore’s Point Term. Co.,
 
 94 Fla. 448, 114 So. 232 (1927) (object of appointing receiver in mortgage foreclosure is to preserve security and to collect and apply rents and profits to debt);
 
 Alafaya Square Ass’n Ltd. v. Great Western Bank,
 
 700 So.2d 38 (Fla. 5th DCA 1997) (same).
 

 [10]
 

 .See § 45.0315 Fla. Stat. (2009) (mortgagor may redeem any time before filing of certificate of sale);
 
 Indian River Farms v. YBF Partners, 777
 
 So.2d 1096 (Fla. 4th DCA 2001) (right of redemption to reclaim estate through payment of judgment after forfeiture through foreclosure is valuable equitable right);
 
 John Stepp Inc. v. First Fed. Sav. & Loan Ass’n,
 
 379 So.2d 384 (Fla. 4th DCA 1980) (mortgagor’s right of sale continues as long as right of redemption exists);
 
 see also Morris v. Osteen,
 
 948 So.2d 821 (Fla. 5th DCA 2007) (during foreclosure process mortgagor retains common law and statutory right of redemption incident to every mortgage).