263 So.2d 241 (1972)
Aaron LEE et al., Appellants,
v.
WATSCO, INC., a Florida Corporation, Appellee.
No. 71-846.
District Court of Appeal of Florida, Third District.
June 13, 1972.
*242 Monroe Gelb, Miami, for appellants.
Feibelman, Friedman, Britton & Stettin and William H. Benson, Miami, for appellee.
Before BARKDULL, C.J., and CHARLES CARROLL and HENDRY, JJ.
HENDRY, Judge.
Appellants were the defendants in a suit brought by plaintiff-appellee in which it sought injunctive relief against defendants, Lehman, Lederman and Kelso to prevent their employment with the defendant, Chemair Corporation of America, in violation of noncompetition clauses in the employment contracts they had entered into with the plaintiff. There was also a claim against the defendants in the complaint for compensatory and punitive damages for conspiracy and tortious interference with plaintiff's prior business relationships.
The defendant's answer denied the allegations that would entitle plaintiff to relief or damages.
The issues were tried without a jury as an action formerly cognizable in equity and a judgment was entered in favor of the plaintiff holding that WATSCO, Inc. recover from the defendants compensatory damages. Specifically, WATSCO, Inc. was to recover from Kelso and Chemair Corporation, jointly and severally, the sum of $500.00 as compensatory damages; from the defendants, Lederman and Chemair, jointly and severally, the sum of $1,000.00 as compensatory damages; and from the defendants Lee and Chemair, jointly and severally, the sum of $13,000.00, as compensatory damages. It was further held that WATSCO recover from defendants Lehman, Kelso and Chemair, jointly and severally, the sum of $750.00, as punitive damages; from Lederman and Chemair, jointly and severally, the sum of $2,000.00 as punitive damages; and from the defendants Lee and Chemair, jointly and severally the sum of $26,500.00 as punitive damages. There was also an allowance to plaintiff of costs and reasonable attorneys' fees.
Defendants moved for rehearing, new trial and remittitur. Pursuant thereto the trial judge entered an amended final judgment which made no award of punitive damages but provided for the same awards of compensatory damages as did the original final judgment.
The defendants have appealed from the amended final judgment and the plaintiff has cross-assigned as error the entry of the amended final judgment.
In 1968 the Winslow Division of WATSCO, Inc. manufactured and distributed hair spray and hair care products. It employed Lee as its manager and chief executive officer, but there was no written employment contract. Lederman, Lehman and Kelso were key employees under written contracts containing restrictive covenants against competitive activity for two years after termination; the contract also contained a clause allowing termination with or without cause on one week's notice.
Lee resigned on July 17, 1968. On July 22, 1968 Lee formed Chemair Corporation of America, which the court found competed with the Winslow Division of appellee. Lederman, Lehman and Kelso resigned about July 22, 1968 and they were hired by Chemair in early August, 1968.
The restrictive covenants in the WATSCO employment contracts did not contain a specific geographic limitation. However, under the pleadings, the court heard evidence and validated them in respect *243 to the requirement of § 542.12 Fla. Stat., F.S.A.
The evidence as to damages dealt with the decline in the sales of appellee, based on the appellee's financial records. It appears that the Winslow Division was not a new business.
The appellants contend that there was insufficient competent evidence to support the award of compensatory damages and that the restrictive covenants, lacking a geographical limitation, was not properly enforceable. On cross-appeal the appellees contend that the evidence was sufficient to justify an award of punitive damages by an equity court sitting without a jury and that the Chemair Corporation and Lee were liable to plaintiff for its attorneys' fees.
We have reviewed the record and find substantial competent evidence to sustain the conclusion of the trier of the facts that the defendants acted tortiously. Furthermore, the evidence presented supports the awards of compensatory damages.
The fact of damages was established and evidence was introduced showing the decline in sales in comparison with the company's earlier financial reports. Harvey Corporation v. Universal Equipment Co., 158 Fla. 644, 29 So.2d 700 (1947).
The appellant's point concerning the non-enforceability of the restrictive covenant for lack of a geographic limitation has recently been decided adverse to their position. Kofoed Public Relations Associates, Inc. v. Mullins, Fla.App. 1972, 257 So.2d 603.
This court has been committed to the rule that a judge sitting as the trier of the facts in an action formerly cognizable in equity may not award punitive damages, absent statutory authority. Orkin Exterminating Co. of South Florida, Inc. v. Truly Nolen, Inc., Fla.App. 1960, 117 So.2d 419; cf. R.C. #17 Corp. v. Korenblit, Fla.App. 1968, 207 So.2d 296.
Lehman, Lederman and Kelso had written employment contracts providing for the allowance of attorney's fees in the event the employer was required to file suit to enforce the agreements. However, Lee and Chemair Corporation of America had not so bound themselves. Attorney's fees are recoverable when authorized by contract or statute or where an attorney creates or brings a fund into court. Kittel v. Kittel, Fla. 1968, 210 So.2d 1, 3. None of these three conditions were met as to Lee and Chemair.
Therefore, for the reasons stated and based upon the authorities cited, the amended final judgment which is the subject of the instant appeal and cross-appeal is affirmed in all respects.
Affirmed.