298 So.2d 460 (1974)
Arnold W. SANTOS, Appellant,
v.
Anna W. BOGH, Appellee.
No. 73-1300.
District Court of Appeal of Florida, Third District.
June 25, 1974.
Rehearing Denied August 26, 1974.
Shalle Stephen Fine, Miami, for appellant.
Orr, Nathan & Williams, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
*461 PER CURIAM.
Defendant-appellant seeks review of that portion of an adverse final judgment awarding plaintiff-appellee compensatory and punitive damages.
Plaintiff-appellee, Anna Bogh filed a complaint for fraud, rescission, an accounting, dissolution of a corporation and damages against the defendants J & A Dance Studios of Ft. Lauderdale, Michael Lombardo, the vice-president thereof, and the appellant, Arnold Santos, an employee of the dance studio. In essence she alleged that over a period of seven months the defendants fraudulently had induced her, a lonely widow, to purchase over $36,000 worth of dancing lessons and in addition to purchase her own dance studio, Anike, Inc., for $22,000 with defendant Lombardo as a partner, who invested nothing therein but drew a salary of about $200 per week. The cause came on for trial, at the conclusion of which the chancellor found that defendants J & A Dance Studios and Arnold Santos had induced plaintiff through fraud to enter into dance lesson contracts and that the totality of Santos' conduct was done with moral turpitude, malice and wilfulness. The chancellor further found that defendant Lombardo by fraudulent misrepresentation induced the plaintiff to pay in excess of $22,000 for the dance studio, Anike, Inc. Thereupon, the court entered judgment directing that (1) defendants J & A Dance Studios of Fort Lauderdale and Arnold Santos pay to plaintiff $36,000 as compensatory damages for the cost of dance lessons which Mrs. Bogh never used and in addition, defendant Arnold Santos pay plaintiff $5,000 as punitive damages, (2) that defendant Michael Lombardo pay plaintiff $22,000 and (3) that Anike, Inc. be dissolved. Defendant Santos appeals that portion of the final judgment awarding damages against him. The other defendants are not parties to this appeal.
We have reviewed the record and conclude there was substantial evidence contained therein to sustain the findings of the chancellor that the appellant had induced the plaintiff through fraud to enter into the dance lesson contracts and the evidence presented supports the award of compensatory damages.
Nevertheless, with respect to the award of punitive damages, we are in agreement with the appellant that the granting thereof is erroneous as this court has been and is committed to the rule that a judge sitting as the trier of the facts in an action formerly cognizable in equity as in the case sub judice may not award punitive damages, absent statutory authority. Lee v. Watsco, Inc., Fla.App. 1972, 263 So.2d 241 at 243 and cases cited therein.
Accordingly, we reverse that portion of the final judgment herein appealed directing that defendant-appellant Arnold Santos pay $5,000 as punitive damages to the plaintiff. In all other respects the judgment is affirmed.
Affirmed in part and reversed in part.