PER CURIAM.
Defendant, National Luggage Services, Inc., seeks reversal of a final summary judgment for $3,703.47 plus costs in an action by appellee, Reedy Forwarding Company, Inc., to recover the additional amount of duty paid to the U.S. Customs Service on behalf of National.
Pursuant to National’s instructions, Reedy acted as importer of record and broker for the importation of certain merchandise from Europe. Upon arrival in the United States, immediate release of the merchandise was made possible because Reedy had posted an Immediate Delivery and Consumption Entry Bond with the U.S. Customs Service. Reedy sent National an invoice for services rendered which included $963.34 for import duties. National paid this duty and subsequently Customs demanded an additional duty of $3,703.47 on the grounds that the merchandise was subject to a 50% tariff rather than a 10% tariff as it consisted of products from Hungary and East Germany and not, as they were labeled, products from Switzerland. National contested the demand claiming that there should only be a 10% tariff levied on that half of the merchandise which consisted of products from Switzerland, West Germany or Italy. National instructed Reedy not to pay the additional duty; nevertheless, Reedy paid Customs the $3,703.47. *306 Reedy contended that as nominal consignee of the merchandise, Customs looked to its bond as security and if payment was not made, Customs would attach the bond posted to guarantee such payment. When National refused to reimburse the $3,703.47, Reedy filed for recovery. National defended on the grounds that the additional duty demanded was in dispute, and Reedy made the payment voluntarily after being informed not to do so by National. Reedy moved for summary judgment which was granted.
Where the determination of liability depends upon the written instruments of the parties and the legal effect to be drawn therefrom, the question at issue is one of law only and ordinarily is determinable by summary judgment. Shafer & Miller v. Miami Heart Institute, Inc., 237 So.2d 310 (Fla.3d DCA 1970).
Under its bond with the U.S. Customs Service, Reedy clearly was liable for the additional duty and we find the trial judge was correct in granting summary judgment for Reedy. We also note that the bond contains a provision allowing National to post a bond to supersede the one posted by Reedy, but National failed to do so.
Judgment affirmed.