370 So.2d 374 (1978)
Clemens B. HOPPE, Individually and As Trustee, Appellant,
v.
Margot HOPPE, As Parent, Mother and Natural Guardian of Robert Hoppe and Theodore Hoppe, Appellee.
No. 76-1825.
District Court of Appeal of Florida, Fourth District.
October 4, 1978.
*375 Arthur E. Barrow, of Caldwell Pacetti, Barrow & Salisbury, Palm Beach, for appellant.
Shepard P. Lesser, of Lesser, Lesser & Daniels, West Palm Beach, for appellee.
CROSS, Judge.
Clemens B. Hoppe, individually and as Trustee, seeks through interlocutory appeal review of an order denying a motion to dismiss a second amended complaint and motion to strike prayer for punitive damages in an action to enforce provisions of a trust and for an accounting. We affirm in part, and reverse in part.
In 1958 Kenneth Hoppe executed as grantor a Trust Agreement wherein Clemens B. Hoppe, his father, was appointed as Trustee. Under the provisions of this trust, certain property was to be held for the beneficial use of the settlor's then existing children, as well as for any children thereafter born to him. Subsequently, Kenneth Hoppe married Margot Hoppe, and together they had two children, Robert and Theodore. This marriage terminated in divorce.
Margot Hoppe, as parent, mother and natural guardian of Robert Hoppe and Theodore Hoppe, instituted suit against Clemens B. Hoppe, individually and as Trustee, alleging in a second amended complaint that Clemens B. Hoppe had improperly discharged his obligations under the trust toward Robert and Theodore as beneficiaries. Count one alleged generally abuse of discretion by appellant in the exercise of his obligations under the trust. It also requested an award of attorney's fees. Count two alleged careless and negligent handling of the trust proceeds, which injured the intended beneficiaries, Robert and Theodore, through diminution of the trust res. Count two contained a prayer for damages in excess of the jurisdictional amount. Count three sought to allege willful, deliberate and malicious conduct on the part of the appellant in the disbursement of the trust res and in the appointment of Kenneth Hoppe as successor trustee. This count sought imposition of punitive damages in excess of $2500.
Appellant filed a motion to dismiss the second amended complaint. As grounds therefor it was argued that Clemens B. Hoppe could not properly be held individually liable; that appellee had misconstrued the stated purpose of the trust; that the trustee had "absolute and uncontrolled discretion" with regard to disbursement of the trust funds and therefore could not have been guilty of abuse of discretion in their distribution, and that attorney's fees were not properly awardable. Appellant also filed a motion to strike the prayer for punitive damages. The trial court granted appellant's motion with respect to the prayer for attorney's fees, but denied appellant's motion in all other respects. Clemens B. Hoppe then filed the instant interlocutory appeal, seeking review of the propriety of that order.
The questions presented for our determination are whether the chancellor erred in denying the motion to dismiss and motion to strike.
Even though a grant of "absolute and uncontrolled discretion" to a trustee is very broad, such a grant does not relieve a trustee from the exercise of good faith in the administration of his obligations under the trust agreement. Mesler v. Holly, 318 So.2d 530 (Fla.2d DCA 1975). The manner in which a trustee performs his obligations is always subject to review by the court in appropriate instances. 76 Am.Jur.2d, Trusts § 182 (1975). Moreover, a trustee may be held personally liable if he fails to exercise the care and skill of a prudent man in the protection of the trust. Spencer v. Mero, 52 So.2d 679 (Fla. 1951).
In the instant case, the complaint alleges sufficient facts, which if proved, would justify holding the appellant liable, both individually and as trustee, for the *376 recovery sought. Therefore, no error of the trial court occurred in denying the motion to dismiss the second amended complaint.
Turning now to the issue of whether appellant could be held liable for punitive damages, the law is clear in Florida that absent a statutory authority, a judge sitting as a trier of fact in an action formally cognizable in equity may not award punitive damages. Santos v. Bogh, 298 So.2d 460 (Fla.3d DCA 1974); Lee v. Watsco, Inc., 263 So.2d 241 (Fla.3d DCA 1972); R.C. # 17 Corp. v. Korenblit, 207 So.2d 296 (Fla.3d DCA 1968). In the case sub judice, the complaint fails to set forth sufficient factual allegations to sustain a prayer for punitive damages. Appellee seems to rely on appellant's conduct in appointing Kenneth Hoppe, appellee's former husband, as successor trustee in order to sustain the prayer for punitive damages. Yet the complaint fails to allege facts sufficient to demonstrate any malicious intent to harm the trust or its intended beneficiaries from such appointment, other than to set forth naked conclusions of law. Nor does the mere allegation that the appellant wilfully, deliberately and maliciously made improper disbursements of the trust res support the prayer for punitive damages. Thus, the prayer for punitive damages cannot be sustained.
Accordingly, that portion of the trial court's order denying appellant's motion to dismiss the second amended complaint is affirmed; that portion of the order denying appellant's motion to strike the prayer for punitive damages is reversed, and the cause remanded for further proceedings consistent with the views herein expressed.
Affirmed in part and reversed in part.
MOORE and BERANEK, JJ., concur.