BARKDULL, Judge.
The appellant appeals a final summary judgment entered by the circuit court in favor of the appellee, awarding damages, costs and attorney’s fees.
In January 1979, the appellee bank contacted the appellant for a temporary secretarial employee to perform secretarial services at the bank. The parties entered into a contract for such employment. The temporary secretary provided by the appellant was assigned to work in a bank area where bank checks of appellee were made available to the secretary, who filled them out and cashed them, resulting in a $3,152.00 loss to the appellee. In January, 1980, the appellee brought suit against the appellant to recover said loss, alleging breach of contract, negligence, and conversion. The ap-pellee also requested costs and attorney’s fees.[1] The appellant alleged an affirmative defense that the appellee should be es-topped from asserting its claim because of the contract[2] between the parties, which prevented the appellee from entrusting the appellant’s employees with unattended ne-gotiables and which relieved the appellant of losses caused by the appellant’s employees which involved theft, among other things. The appellee thereafter filed a motion for summary judgment, which was granted by the trial court. ■ The appellant’s motion for rehearing and leave to amend its answer was denied, and the appellant appeals.
The appellant contends the trial court erred in entering a final summary judg *406 ment; that it erred in denying its motion for rehearing and refusing leave to amend and, lastly, that it erred in awarding attorney fees.
We affirm the award in chief. The construction of the contract was a question of law and it was within the province of the trial judge to construe same on a motion for summary judgment, without receipt of evidence as to the meaning of the provisions quoted in the footnote. Kochan v. American Fire and Casualty Company, 200 So.2d 213 (Fla.2d DCA 1967); Shafer & Miller v. Miami Heart Institute, Inc., 237 So.2d 310 (Fla.3d DCA 1970); National Luggage Services, Inc. v. Reedy Forwarding Company, Inc., 339 So.2d 305 (Fla.3d DCA 1976); Buckner v. Physicians Protective Trust Fund, 376 So.2d 461 (Fla.3d DCA 1979). We find no error in denying the rehearing and in refusing leave to amend. Fink v. Powsner, 108 So.2d 324 (Fla.3d DCA 1959); Wingreen Company v. Montgomery Ward & Co., Inc., 171 So.2d 408 (Fla.3d DCA 1965); Cohen v. Landow, 242 So.2d 801 (Fla.3d DCA 1971). However, we do find error in the award of attorney fees. We find the award to be inappropriate for several reasons: First, it was not provided for in the contract. See: Coleman v. Plantation Golf Club, Inc., 212 So.2d 806 (Fla. 4th DCA 1968). Second, it cannot be claimed under Section 57.105, Florida Statutes (1979) because no claim for the award was made under the statute. See: Autorico, Inc. v. Government Employees Insurance Company, 398 So.2d 485 (Fla.3d DCA 1981). Third, clearly the defense imposed raised a justiciable legal argument. City of Miami Beach v. Town of Bay Harbor Islands, 380 So.2d 1112 (Fla.3d DCA 1980); T. I. E. Communications, Inc. v. Toyota Motors Center, Inc., 391 So.2d 697 (Fla.3d DCA 1980); Freeman v. Valdez, 393 So.2d 1173 (Fla.3d DCA 1981).
Therefore, for the reasons above stated, the principal award is affirmed. The award of attorney fees is reversed and the matter returned to the trial court with directions to modify the final summary judgment as heretofore entered by striking therefrom the award of attorney fees.
Affirmed in part, reversed in part, with directions.

. This was a general claim. No mention was made of § 57.105, Florida Statutes (1979). In fact, at no time in the trial court was reference made to this statute.

.
“(2)(b) Customer shall not entrust Hartman Services, Inc. employees with unattended premises, cash, negotiables and other valuables, or authorize such employees to operate machinery or motor vehicles without pri- or written permission from Hartman Services, Inc. in each instance.”