DANIEL S. PEARSON, Judge.
Barnett Guthartz, the owner of a 238-unit apartment complex called Bay Terrace Apartments, was sued by sixty of his tenants. As third-party beneficiaries of a regulatory agreement between Guthartz and the FHA, the insurer of the mortgage on the buildings, the tenants claimed that Gu-thartz had collected from them rents and security deposits in excess of the maximum allowed under the FHA rent schedule,[1] and sought to recover these excess payments, punitive damages, and attorneys’ fees. The *602 trial court, in a non-jury trial, found Gu-thartz liable and appointed a special master who determined that Guthartz had overcharged the tenants $86,526.50, which, with interest, made Guthartz responsible to restore a total of $105,828.12 to the tenants. The court approved the amount of this award, and subsequently ordered that Gu-thartz pay punitive damages of $1,000,000, the tenants’ attorneys’ fees in the amount of $200,800, and the special master’s fee of $17,000. Guthartz appeals the awards of punitive damages, attorneys’ fees, and the special master’s fee. Finding no abuse of discretion in the award of the special master’s fee, Anderson v. City of North Miami, 99 So.2d 861 (Fla.1958), we affirm that award and move on to address the issues of punitive damages and attorneys’ fees.[2]
A.

Punitive Damages

Guthartz contends that the punitive damage award must be set aside because (1) the tenants’ action to recover the excess payments is an action formerly cognizable in equity in which punitive damages may not be awarded; (2) even assuming the action to be one at law, punitive damages are not recoverable in an action based on breach of contract except where the breach constitutes an independent tort which is pleaded and proved; (3) even assuming a sufficient independent tort is pleaded and proved, there must be an award of compensatory or at least nominal damages on account of that tort to support an award of punitive damages.
Since we agree that the tenants failed to allege or prove a tort committed by Guthartz which was distinguishable from or independent of his breach of contract, we reverse the award of punitive damages on that basis and pretermit extended discussion of Guthartz’s other more questionable and less persuasive contentions.[3]’[4]
It is the well-established rule in Florida that punitive damages are not recoverable for breach of contract, irrespec *603 tive of the motive of the defendant. Only where the acts constituting a breach of contract also amount to a cause of action in tort may there be a recovery of punitive damages upon, of course, proper allegations and proof. Masciarelli v. Maco Supply Corp., 224 So.2d 329 (Fla.1969); Griffith v. Shamrock Village, Inc., 94 So.2d 854 (Fla.1957); Rolls v. Bliss & Nyitray, Inc., 408 So.2d 229 (Fla.3d DCA 1981) and cases cited therein; Hanft v. Southern Bell Telephone & Telegraph Company, 402 So.2d 453 (Fla.3d DCA 1981); Bill Branch Chevrolet, Inc. v. Redmond, 378 So.2d 319 (Fla.2d DCA 1980); Greer v. Williams, 375 So.2d 333 (Fla.3d DCA 1979); Overseas Equipment Co., Inc. v. Aceros Arquitectonicos, 374 So.2d 537 (Fla.3d DCA 1979); Henry Morrison Flagler Museum v. Lee, 268 So.2d 434 (Fla.4th DCA 1972). See Johnson v. Lasher Milling Company, Inc., 379 So.2d 1048 (Fla.lst DCA 1980). Compare Associated Heavy Equipment Schools, Inc. v. Masiello, 219 So.2d 465 (Fla.3d DCA 1969).
As the court below found, Guthartz wrongfully overcharged the tenants, adamantly refused to return the rents and deposits, and attempted to conceal this wrongdoing by making false statements to the FHA.[5] But no matter how unjustified was Guthartz’s conduct, in the final analysis it constituted only a breach of contract; and no matter how unyielding and oppressive that breach may have been, an independent tort was neither alleged nor proved. We are bound by a long-standing and unbroken line of authority to reverse the punitive damage award.[6]
B.

Attorneys’ Fees

The trial court awarded the tenants attorneys’ fees under the authority of Sections 83.48 and 83.49(3)(c), Florida Statutes (1977), They provide;
“§ 83.48 — Attorney’s Fees — If a rental agreement contains a provision allowing attorney’s fees to the landlord when he is required to take any action to enforce the rental agreement, the court may allow reasonable attorney’s fees to the tenant when he prevails in any action with respect to the rental agreement.” (emphasis supplied).
“§ 83.49(3)(c) — If either party institutes an action in court of competent jurisdiction to adjudicate his right to the security deposit, the prevailing party is entitled to receive his court costs plus a reasonable fee for his attorney.. .. ” (emphasis supplied).
First, with respect to Section 83.48, Gu-thartz admits that the rental agreements *604 contain a clause “allowing attorney’s fees to the landlord,” but argues that Section 83.48 is inapplicable, because the tenants’ action was not, as required, “with respect to the rental agreement,” but instead was based on the FHA regulatory agreement of which the tenants were third-party beneficiaries, but which was no part of the rental agreements.[7]
It is apodictic that an award of attorneys’ fees is in derogation of the common law, and statutes authorizing such fees are to be strictly construed. Roberts v. Carter, 350 So.2d 78 (Fla.1977); Kittel v. Kittel, 210 So.2d 1 (Fla.1968); Sheridan v. Greenberg, 391 So.2d 234 (Fla.3d DCA 1981); Jackson v. Hatch, 288 So.2d 564 (Fla.2d DCA 1974). Applying that rule of strict construction to the present case, and finding that the tenants’ act was not one “with respect to the rental agreement,” we must agree that the attorneys’ fee award was not authorized by Section 83.48, Florida Statutes (1977). Cf., e.g., Mershon v. Buckles-Thompson, Inc., 383 So.2d 280 (Fla. 5th DCA 1980); Houdaille-Duval-Wright Company v. Charldon Construction Company, 266 So.2d 106 (Fla.3d DCA 1972); Bieley v. Jennings Construction Corporation, 212 So.2d 809 (Fla.3d DCA 1968) (holding that a statute providing for attorneys’ fees upon foreclosure of a lien does not authorize attorneys’ fees unless the lien itself, not merely the right to recover damages, is established).
Similarly, Section 83.49(3)(c) provides no basis for an award of fees. The present litigation in respect to security deposits dealt only with the question of whether a security deposit equal to two months’ rent could be required by the landlord under the FHA regulations. The issue in this litigation was not the tenants’ right to the return of their security deposits upon vacating the premises, which, as is so plainly seen by Sections 83.49(3)(a) and (b), is the underlying litigation contemplated by Section 83.-49(3)(c), and the sine qua non of a fee award.[8]
Finally, although the trial court’s judgment for attorneys’ fees recites in a footnote that
“. . . in the view of this Court, many of the positions taken by the defendant demonstrate ‘a complete absence of a jus-ticiable issue of either law or fact . . . ’ as that standard is employed by Section 57.-105, Florida Statutes (Supp.1978), independently sufficient to support the award contained herein.” [9]
the attorneys’ fee award cannot be sustained under Section 57.105. First, even if, *605 arguendo, we treat the plaintiffs’ supplemental complaint as the commencement of the action, that pleading was filed five months prior to the effective date of Section 57.105, rendering the statute inapplicable to this action. Porteous v. Fowler, 394 So.2d 154 (Fla. 4th DCA 1981). Second, none of the several applications and motions for attorneys’ fees filed by the plaintiffs’ attorneys during the course of this protracted litigation contained a claim for attorneys’ fees under Section 57.105, a necessary predicate for any award under the statute. Hartman Services, Inc. v. Southeast First National Bank of Miami, 399 So.2d 404 (Fla.3d DCA 1981); Autorico, Inc. v. Government Employees Insurance Company, 398 So.2d 485 (Fla.3d DCA 1981).
Accordingly, we reverse so much of the judgments which awarded punitive damages and attorneys’ fees, and affirm that part of the judgment awarding the special master’s fees.
Affirmed in part; reversed in part.

. Title 12 U.S.C. Section 1747c provides:
“The Secretary shall require that the rents for the dwellings in any project insured under this subchapter shall be established in accordance with a rent schedule approved by the Secretary, and that the investor shall not *602 charge or collect, rents for any dwellings in the project in excess of the appropriate rents therefor as shown in the latest rent schedule approved pursuant to this section....”

. Guthartz relies on Donner v. Donner, 346 So.2d 1069 (Fla.3d DCA 1977). While the special master’s fee in the present case exceeds the hourly rate in Donner, we do not read that case as establishing a litmus test for the award of special masters’ fees.

. It is true that a court trying a matter formerly cognizable in equity may not award punitive damages. Hoppe v. Hoppe, 370 So.2d 374 (Fla.4th DCA 1978); Santos v. Bogh, 298 So.2d 460 (Fla.3d DCA 1974); Lee v. Watsco, Inc., 263 So.2d 241 (Fla.3d DCA 1972); R.C. # 17 Corp. v. Korenblit, 207 So.2d 296 (Fla.3d DCA 1968); Orkin Exterminating Company of South Florida, Inc. v. Truly Nolen, Inc., 117 So.2d 419 (Fla.3d DCA 1960). However, an action for restitution, the present equivalent of an action for money had and received, Central Bank & Trust Company v. General Finance Corporation, 297 F.2d 126 (5th Cir. 1961), is rooted in the former action for assumpsit. See Brevard County Building & Loan Association v. Sumrail, 101 Fla. 273, 133 So. 888 (1931). Assump-sit, originating as a right of action for the non-performance of an agreement based on a tort theory, ultimately became the ex contractu action for the breach of an implied or quasi-contract. C. Crandell, Florida Common Law Practice § 145 at 208-09 (1928). We assume, but need not decide, that the action of assump-sit and, by succession, restitution, being “a legal remedy to enforce an equity,” C. Crandell, Florida Common Law Practice § 146 at 149 (Supp.1940), or “a legal action, ... equitable in nature,” First State Bank of Fort Meade v. Singletary, 124 Fla. 770, 169 So. 407 (1936), would support a punitive damage award, if otherwise allowable.

.Because the only compensatory damages awarded to the tenants were those arising from the breach of contract, Guthartz contends that there can be no award of punitive damages. Prior to Lassiter v. International Union of Operating Engineers, 349 So.2d 622 (Fla.1977), it was uniformly agreed that an award of actual damages was a necessary predicate to an award of punitive damages. In Lassiter, the court held that there need not be a reasonable relationship between actual damages and punitive damages, and explained that the former requirement “unless actual damages are shown,” see McLain v. Pensacola Coach Corporation, 152 Fla. 876, 13 So.2d 221 (1943), means only “unless liability is shown on the underlying cause of action,” Lassiter, supra, 349 So.2d at 622. Some courts have read Lassiter to mean that punitive damages are recoverable merely on a showing of liability without an award of nominal damages, see, e.g., Nales v. State Farm Mutual Automobile Insurance Com *603 pany, 398 So.2d 455 (Fla.2d DCA 1981); Eglin Federal Credit Union v. Curfman, 386 So.2d 860 (Fla.lst DCA 1980); others have insisted that Lassiter did not obviate the need for at least a nominal damage award, see, e.g., Tennant v. Vazquez, 389 So.2d 1183 (Fla.2d DCA 1980); American Motorcycle Institute, Inc. v. Mitchell, 380 So.2d 452 (Fla.5th DCA 1980); Sonson v. Nelson, 357 So.2d 747 (Fla.3d DCA 1978). Since an award of nominal damages is the functional equivalent of a finding of liability without actual damages, it would appear that where liability is established, there should be no need to insist upon the formality of nominal damages. But the problem in the present case is the absence of tort liability, not the absence of a perfunctory award thereon.

. In 1977, Guthartz was convicted in the United States District Court for the Southern District of Florida for violating Title 18 U.S.C. Section 1001.

. For an example of the view that punitive damages should be recoverable for a flagrant breach of contract irrespective of an independent tort, see Ward v. Taggart, 51 Cal.2d 736, 336 P.2d 534 (1954), where Justice Traynor, speaking for the court, stated: “Courts award exemplary damages to discourage oppression, fraud, or malice by punishing the wrongdoer [citations omitted]. Such damages are appropriate in cases like the present one [contractual fraud], where restitution would have little or no deterrent effect, for wrongdoers would run no risk of liability to their victims beyond that of returning what they wrongfully obtained.” See also Sullivan, Punitive Damages in the Law of Contract: The Reality and the Illusion of Legal Change, 61 U.Minn.L.Rev. 207 (1977). Any reexamination of the continued efficacy of and justification for the rule requiring an independent tort as a basis for punitive damages in a breach of contract action cannot come from this court. Hoffman v. Jones, 280 So.2d 431 (Fla.1973); Jemco, Inc. v. United Parcel Service, Inc., 400 So.2d 499 (Fla.3d DCA 1981).

. The trial court’s pertinent finding was that the defendant “charged and received from Plaintiffs rents in excess of the rate approved by the Federal Housing Commissioner, contrary to federal law and the Regulatory Agreement.”

. Here the trial court’s pertinent finding was that the defendant “demanded and received from Plaintiffs security deposits in excess of those approved by the Federal Housing Commissioner, contrary to federal law and the Regulatory Agreement.”

. We note that implicit in these very words is the corollary, otherwise shown by our holding today, see Parkway General Hospital, Inc. v. Stern, 400 So.2d 166 (Fla.3d DCA 1981), and by the trial court’s denial of plaintiffs’ motion for partial summary judgment, City of Deerfield Beach v. Oliver-Hoffman Corporation of Deerfield Beach, 396 So.2d 1187 (Fla. 4th DCA 1981); Denes and Denes & Associates, Inc. v. Walter E. Heller & Co. of Florida, Inc., 396 So.2d 760 (Fla.3d DCA 1981), that at least some of the positions taken by the defendant raised justiciable issues of either law or fact and were non-frivolous. But quite apart from that is the trial court’s recognition in the same judgment that there existed “novel and difficult legal issues,” which, in our view, is the antithesis of frivolity. Even if Section 57.105 were applicable, the statute’s “rigorous prerequisite,” see City of Deerfield Beach v. Oliver-Hoffman Corporation of Deerfield Beach, supra, of “a complete absence of a justiciable issue of law or fact” was simply not met here. Compare Executive Centers of America, Inc. v. Durability Seating & Interiors, Incorporated, 402 So.2d 24 (Fla.3d DCA 1981); Parkway General Hospital, Inc. v. Stern, supra; Hartman Services, Inc. v. Southeast First National Bank of Miami, supra; Sachs v. Hoglund, 397 So.2d 447 (Fla.3d DCA 1981); Denes and Denes & Associates, Inc. v. Walter E. Heller & Co. of Florida, Inc., supra, with T.I.E. Communications, Inc. v. Toyota Motors Center, Inc., 391 So.2d 697 (Fla.3d DCA 1980). Obviously, we need not address whether under the circumstances of this case the defendant’s arguably frivolous defense to the tenants’ entitlement to *605 the rent overpayments is so demonstrably separate from, for example, the clearly non-frivolous defense to punitive damages as to enable a trial court to make a partial award of attorneys’ fees under Section 57.105, Florida Statutes. See Hernandez v. Leiva, 391 So.2d 292 (Fla.3d DCA 1980).