478 So.2d 425 (1985)
LANMAN LITHOTECH, INC., Etc., et al., Petitioners,
v.
Stanley GURWITZ, et al., Respondents.
No. 85-1243.
District Court of Appeal of Florida, Fifth District.
November 7, 1985.
*426 Harlan Tuck of Giles, Hedrick & Robinson, P.A., Orlando, for petitioners.
Jeffrey Allen Tew and Robert B. Galt III, of Kirkpatrick & Lockhart, Miami, for respondents.
COWART, Judge.
Two main issues are presented in this petition for writ of common law certiorari. The first is whether the right to jury trial exists in a shareholder's derivative action. The second is whether punitive damages are recoverable in such actions.
Three shareholders of Lanman Lithotech, Inc. (Lanman) initiated a derivative action against three officers and directors of Lanman and their third person business organizations. Although Lanman was named a defendant in this action, Lanman is the real party in interest with the shareholders being at best the nominal plaintiffs. The first three counts of plaintiffs-shareholders' four count amended complaint demanded judgment for breach of fiduciary duty, fraud, and conversion. The fourth count requested the appointment of a receiver to liquidate the assets of Lanman. The plaintiffs sought punitive damages in each of the first three counts, and demanded a jury trial for all issues triable as of right by jury. The defendants filed a motion to strike certain matters from the amended complaint, including the demands for jury trial and punitive damages. The trial court denied the motion to strike. The defendants petition this court for a writ of common law certiorari.
Historically, a shareholder's derivative action could be brought only in equity. The federal constitutional right to a civil jury trial (U.S. Const. amend. VII) attached only to suits at common law that were tried to the jury in 1791 when the seventh amendment was adopted. Actions in equity, which were tried to the court, were unaffected by the seventh amendment.[1] Shareholders' derivative actions, which were not recognized until the 19th century,[2] were likewise unaffected by the seventh amendment until 1970. In that year, the U.S. Supreme Court in Ross v. Bernhard, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970), held that the right to a jury trial under the seventh amendment attaches to those issues in derivative actions as to which a corporation, if it sued in its own right, would be entitled to a jury. The Supreme Court stated that a shareholder's derivative action has a dual nature, namely, the plaintiff's right to sue on behalf of the corporation and the merits of the corporation's claim itself. If a shareholder's derivative action presents a legal issue, one entitling the corporation to jury trial under the seventh amendment, the right to a jury trial is preserved notwithstanding the fact that the shareholder's right to sue must first be adjudicated as an equitable issue triable to the court.
The seventh amendment is not incorporated in the fourteenth amendment and therefore is not applicable to state proceedings. See Florida East Coast R. Co. v. Hayes, 67 Fla. 101, 64 So. 504 (1914). The reasoning in Ross v. Bernhard has been adopted by some state courts and rejected by others in interpreting their own state's constitutional right to jury trial. Compare Finance, Inc. and Rediscount Co. v. Wells, 409 So.2d 1341 (Ala. 1981), with Rankin v. Frebank Co., 47 Cal. App.3d 75, 121 Cal. Rptr. 348 (Cal. App. 1975).
Although the U.S. Supreme Court in Ross v. Bernhard assumes a shareholder's *427 derivative action has a dual nature, traditionally a derivative action in practice was always treated as a single cause tried exclusively in equity. Before Ross v. Bernhard, commentators agreed that there was no constitutional right to a jury trial in a shareholder's derivative action even where there might have been one had the corporation itself brought the action. See Ross v. Bernhard, supra (Stewart, J. dissenting).
The U.S. Supreme Court grounded its decision in Ross v. Bernhard partly on the change in the federal rules which procedurally merged actions at law and suits in equity.[3] The U.S. Supreme Court reasoned that the historical rule preventing a court of law from entertaining a shareholder's derivative suit had become obsolete and it was no longer reasonable for a court which administers both law and equity in the same action to deny legal remedies to a corporation merely because the corporate claim is presented by its shareholders rather than its directors. However, a shareholder's derivative action since its inception has been wholly a creature of equity, not because of procedural impediments later removed by the federal rules, but because the law refused to borrow from equity the idea that shareholders could litigate the claims of their corporation. Therefore, a shareholder's derivative action in equity was the only way to seek redress before a court when the corporation refused to pursue its own remedies.
Florida's constitutional right to jury trial guarantees a right to trial by jury in those cases in which such right was recognized when Florida's first constitution became effective in 1845. See Dudley v. Harrison, McCready and Co., 127 Fla. 687, 173 So. 820 (1937). As the common law in 1845 did not confer a right to jury trial in equity actions, we quash that portion of the trial court order which denied the motion to strike plaintiffs' demand for jury trial as of right by jury.[4]
As a shareholder's derivative action is an equitable action, plaintiffs' demand for relief as to punitive damages runs counter to the traditional view that equity will not award punitive damages unless authorized by statute. See Hoppe v. Hoppe, 370 So.2d 374 (Fla. 4th DCA 1978), rev. denied, 379 So.2d 206 (Fla. 1979); Santos v. Bogh, 298 So.2d 460 (Fla.3d DCA 1974); R.C. No. 17 Corp. v. Korenblit, 207 So.2d 296 (Fla. 3d DCA 1968); Orkin Exterm. Co. v. Truly Nolen, Inc., 117 So.2d 419 (Fla. 3d DCA 1960), rev. denied 120 So.2d 619 (Fla. 1960). This court recently quashed an order denying a motion for protective order where the petitioner was threatened with oppressive discovery concerning his financial wealth and the pleaded allegations did not support a demand for relief as to punitive damages. See Solodky v. Wilson, 474 So.2d 1231 (Fla. 5th DCA 1985). That same reasoning can be extended to this case. An improper demand for relief as to punitive damages may lead to confusion or burdensome discovery if not stricken. Therefore, in addition to that portion of the trial court order denying the motion to strike plaintiffs' demand for jury trial, we also quash that portion of the trial court order which denied the motion to strike plaintiffs' requested relief for punitive damages in count one, count two, and count three of the amended complaint.
WRIT GRANTED. ORDER QUASHED.
COBB, C.J., and SHARP, J., concur.
NOTES
[1] However, historians have discovered that in 1791 juries were sometimes used in equity actions, which means that although the use of juries in equity was not guaranteed in 1791, its use was not foreclosed. See Comment, The Right to Strike the Jury Trial Demand in Complex Litigation, 34 U. of Miami L.Rev. 243, 257 (1980). Compare Chesnin and Hazard, Chancery Procedure and the Seventh Amendment: Jury Trial of Issues in Equity Cases Before 1791, 83 Yale L.J. 999 (1974), with Langbein, Fact Finding in the English Court of Chancery: A Rebuttal, 83 Yale L.J. 1620 (1974).
[2] See 13 W. Fletcher, Cyclopedia of the Law of Private Corporations § 5940 (rev. perm. ed. 1984).
[3] The drafters of the Florida Rules of Civil Procedure followed the federal rules, and designated one form of action to be known as a "civil action." See Florida Rule of Civil Procedure 1.040.
[4] This, of course, would not prevent the trial judge from granting a jury trial as a matter of discretion.