639 So.2d 32 (1994)
NORTH AMERICAN VAN LINES, INC., a foreign corporation, Appellant,
v.
FERGUSON TRANSPORTATION, INC., f/k/a Murray Van & Storage, Inc., and Award Winning Murray Van and Storage, Inc.; Advance Relocation & Storage of Florida, Inc., a Florida corporation; T. James Molloy and William Grochowski, Appellees.
No. 92-1842.
District Court of Appeal of Florida, Fourth District.
March 23, 1994.
On Motion for Rehearing, Rehearing and Certification July 6, 1994.
Mark E. Haddad of Sidley & Austin, Washington, DC, and Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., West Palm Beach, for appellant.
*33 Edna L. Caruso of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, and Searcy, Denney, Scarola, Barnhart & Shipley, P.A., West Palm Beach, for appellee-Ferguson Transp., Inc.
On Motion for Rehearing, Rehearing En Banc and Certification July 6, 1994.
RAMIREZ, JUAN, Jr., Associate Judge.
Appellant, North American Van Lines, Inc., appeals from an adverse judgment after a jury verdict in the amount of $1,300,000.00 in compensatory damages and $13,000,000.00 in punitive damages. We affirm the compensatory damages and reverse the punitive damages.
Ferguson Transportation, Inc. filed a two-count complaint against North American and other defendants who are not involved in this appeal. The first count alleged a breach of an exclusive agency agreement. The second count sought recovery based on tortious interference with advantageous business relationships predicated on its relationships with prospective Broward customers. North American moved for a directed verdict on the tortious interference claim, which the trial court denied.
On March 27, 1970, North American and Murray Van & Storage, Inc., n/k/a Ferguson, entered into a contract appointing Murray Van as its exclusive agent in Broward and Boca Raton. In 1983, Ferguson's predecessor renewed for ten years its exclusive agency for Broward County.
On January 1, 1986, North American granted an agency contract appointing Advance Relocation & Storage of Florida, Inc., d/b/a Wilkinson Moving and Storage, Co., to act as North American's agent in a nonexclusive capacity in West Palm Beach. Ferguson had learned that this agreement was contemplated and had objected, fearing that Advance Relocation would advertise and act as a North American agent in Broward County. The fear proved to be accurate because Advance Relocation started advertising itself in Broward the very next month.
During the following years, Advance Relocation continued its incursions into Broward County, culminating in 1989, when Ferguson was forced out of business. The jury returned a verdict on the breach of contract claim assessing $1,300,000.00 as compensatory damages. The jury also awarded the same amount as damages on the tortious interference claim. By agreement of the parties, the trial judge struck one of the compensatory awards as duplicative.
The elements of tortious interference with a business relationship are: (1) the existence of a business relationship under which the plaintiff has legal rights; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with that relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the business relationship. Tamiami Trail Tours, Inc. v. Cotton, 463 So.2d 1126 (Fla. 1985). Ferguson failed to prove the first element.
The business relationship must be with an identifiable person and not with the public at large. Southern Alliance Corp. v. Winter Haven, 505 So.2d 489 (Fla. 2d DCA 1987). That case involved a lounge owner's claim against city employees who closed down his lounge for fire code violations. The complaint had alleged an ongoing, advantageous business relationship with the community. A cause of action for interference with business relationships with prospective customers has been recognized. Zimmerman v. D.C.A. at Welleby, Inc., 505 So.2d 1371 (Fla. 4th DCA 1987); Azar v. Lehigh Corp., 364 So.2d 860 (Fla. 2d DCA 1978). But Southern Alliance refused to extend the cause of action for interference with a business relationship to include interference with a community at large. 505 So.2d at 496.
In this case, Ferguson has argued that its exclusive agency agreement obviates the need to prove interference with any identifiable customer. No authority is cited for this proposition, which would create two causes of action any time someone breaches an exclusive agency contract  for breach of contract and for tortious interference.
At trial Ferguson was unable to bring forth a single customer who would have patronized Ferguson but for the interference by North American. Ferguson presented no one who booked a move with North American through Advance Relocation who had *34 been a customer of Ferguson or was even a prospective customer of Ferguson.
Appellee relies on American Medical International, Inc. v. Scheller, 462 So.2d 1 (Fla. 4th DCA 1984), rev. denied, 471 So.2d 44 (Fla.), cert. denied, 474 U.S. 947, 106 S.Ct. 345, 88 L.Ed.2d 292 (1985) (Scheller I) and the second Scheller case, American Medical International, Inc. v. Scheller, 590 So.2d 947 (Fla. 4th DCA 1991), rev. dismissed, 602 So.2d 533 (Fla. 1992) (Scheller II).
These cases do not advance appellee's position. They did not involve exclusive agency contracts. They involved interference with Dr. Scheller's contract with other physicians and patients. In Scheller I the court held that unsuccessful interference could not form the basis for damages to be assessed. 462 So.2d at 9. In Scheller II the court held that the hospital had interfered with the contractual relationship Dr. Scheller had with the doctors that had designated him as their medical expert. 590 So.2d at 951. Thus, Dr. Scheller could point to specific patients and physicians with whom his existing business relationship had been interfered.
Ferguson offered evidence of only one specific, identifiable business relationship with a customer who called Advance Relocation thinking it was Ferguson. The customer, however, later called Ferguson back and ultimately booked the move with Ferguson. Thus, under Scheller I, an unsuccessful interference is insufficient. 462 So.2d at 9.
The trial court should have granted a directed verdict for North American on the tortious interference claim as there was no competent, substantial evidence that appellant interfered with any ongoing business relationship. The punitive damages were awarded on the basis of the tortious conduct and are therefore reversed.
Appellant challenges the 12 percent post-judgment interest rate imposed. Florida Statutes section 55.03(1) (1993) provides that judgments entered after October 1, 1981 shall bear interest at the rate of 12 percent per year. As appellant readily admits, the constitution "does not require immediate general adjustment on the basis of the latest market developments." Allegheny Pittsburgh Coal Co. v. County Comm'n of Webster County, W. Va., 488 U.S. 336, 343, 109 S.Ct. 633, 638, 102 L.Ed.2d 688 (1989).
The appellant cannot raise an equal protection argument as everyone is assessed the same interest rate. Neither is due process violated because appellants are not denied their right of appeal. In fact, the U.S. Supreme Court has stated that as long as "a full and fair trial on the merits is provided, the Due Process Clause of the Fourteenth Amendment does not require a State to provide appellate review." Lindsey v. Normet, 405 U.S. 56, 77, 92 S.Ct. 862, 876, 31 L.Ed.2d 36 (1972). Any change in the rate of interest involves a policy decision best addressed by the legislature.
Appellant also challenged the trial court's admission at trial of a 1974 settlement agreement between the parties and argued that the compensatory damages were excessive. We find no merit in these arguments and affirm the jury verdict of $1,300,000.00.
REVERSED IN PART; AFFIRMED IN PART.
GUNTHER and STONE, JJ., concur.

ON MOTION FOR REHEARING, REHEARING EN BANC, AND CERTIFICATION
PER CURIAM.
ORDERED that appellees' timely motion for rehearing and rehearing en banc is hereby denied; further,
ORDERED that appellees' timely motion for certification is granted, and the following question of great public importance is certified to the Florida Supreme Court:
WHETHER, UNDER FLORIDA LAW, A PLAINTIFF WHO HAS AN EXCLUSIVE CONTRACT WITHIN A GEOGRAPHICAL TERRITORY, IS AFFORDED A BUSINESS RELATIONSHIP WITH ALL PROSPECTIVE CUSTOMERS WITHIN THAT TERRITORY, WHICH IS PROTECTIBLE AGAINST TORTIOUS INTERFERENCE, OR MUST THE PLAINTIFF PROVE A BUSINESS RELATIONSHIP WITH IDENTIFIABLE CUSTOMERS?
*35 GUNTHER and STONE, JJ., and RAMIREZ, JUAN, Jr., Associate Judge, concur.