687 So.2d 821 (1996)
FERGUSON TRANSPORTATION, INC., etc., Petitioner,
v.
NORTH AMERICAN VAN LINES, INC., a foreign corporation, Respondent.
NORTH AMERICAN VAN LINES, INC., a foreign corporation, Petitioner,
v.
FERGUSON TRANSPORTATION, INC., etc., Respondent.
Nos. 84156, 84167.
Supreme Court of Florida.
October 17, 1996.
Rehearing Denied February 3, 1997.
Jack Scarola of Searcy, Denney, Scarola, Barnhart & Shipley, P.A., West Palm Beach, Florida; and Edna L. Caruso of Caruso, Burlington, Bohn & Coompiani, P.A., West Palm Beach, for Petitioner/Respondent.
Marjorie Gadarian Graham of Marjorie Gadarian Graham, P.A., Palm Beach, Florida; and Mark E. Haddad and Donald H. Smith of Sidley & Austin, Washington, DC, for Respondent/Petitioner.
PER CURIAM.
We have for review North American Van Lines, Inc. v. Ferguson Transportation, Inc., 639 So.2d 32 (Fla. 4th DCA 1994), in which the district court, in a separate order, certified the following question to be of great public importance:
WHETHER UNDER FLORIDA LAW, A PLAINTIFF WHO HAS AN EXCLUSIVE CONTRACT WITHIN A GEOGRAPHICAL TERRITORY, IS AFFORDED A BUSINESS RELATIONSHIP WITH ALL PROSPECTIVE CUSTOMERS WITHIN THAT TERRITORY, WHICH IS PROTECTIBLE AGAINST TORTIOUS INTERFERENCE, OR MUST THE PLAINTIFF PROVE A BUSINESS RELATIONSHIP WITH IDENTIFIABLE CUSTOMERS?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. Consistent with our decision in Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So.2d 812, 815 (Fla.1994),[1] we answer that in order to establish the tort of tortious interference with a business relationship, the plaintiff must prove a business relationship with identifiable customers.
In this case, Ferguson Transportation, Inc. (Ferguson), a Florida moving and storage company, entered an exclusive agency contract with North American Van Lines, Inc. *822 (North American), an interstate carrier of household goods.[2] The contract appointed Ferguson as North American's exclusive agent in Broward County and in Boca Raton. In 1983, Ferguson renewed its Broward County contract for ten years.
In 1986, North American entered an agency contract with Advance Relocation & Storage of Florida, Inc. (Advance Relocation).[3] In the contract, North American appointed Advance Relocation as its nonexclusive agent in West Palm Beach. Ferguson objected to the agreement because it feared that Advance Relocation would intrude into its territory in Broward County. Ferguson's predictions were correct. Advance Relocation's intrusions continued until 1989, when Ferguson finally went out of business.
Ferguson sued North American and Advance Relocation as well as a number of persons in Advanced Relocations's employ, alleging: (1) breach of an exclusive agency agreement; and (2) tortious interference with Ferguson's advantageous business relationships with its Broward County customers.[4] At the close of Ferguson's case, North American moved for a directed verdict. North American alleged that the damages Ferguson sought for the tort and contract claims were identical and, consequently, that Ferguson had not established that its claim for tortious interference amounted to an independent tort. The trial judge denied the motion.
The case went to trial, and the jury returned a verdict in Ferguson's favor on both counts. For each count the jury awarded $1,300,000 in compensatory damages. By stipulation entered prior to trial, the parties agreed to strike one of the awards as duplicative. North American and the other defendants were held jointly and severally liable for the award of compensatory damages, but the jury awarded punitive damages against each defendant individually. The jury assessed North American $13,000,000 in punitive damages.
On appeal, the district court found that the trial judge should have granted North American's motion for directed verdict because Ferguson did not present competent, substantial evidence that appellant interfered with any ongoing business relationship. North American, 639 So.2d at 34. Specifically, the court found that Ferguson's relationship with the public at large was not the type of business relationship required to allege tortious interference with a business relationship. Id. at 33-34. The court determined that the trial judge should have required Ferguson to allege and prove a business relationship with an identifiable person. Id. Because the court found that Ferguson did not prove tortious interference with a business relationship, it reversed the punitive damages award. Id. at 34. We agree with the court's decision.
The district court's decision is consistent with the rule we approved in Ethan Allen, 647 So.2d at 815:
As a general rule, an action for tortious interference with a business relationship requires a business relationship evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered.
Without proof of this tort there was no basis for punitive damages.
Only if a party to a contract proves a tort independent from the acts that breach the contract is the party entitled to recover punitive damages. As we stated in Griffith v. Shamrock Village, Inc., 94 So.2d 854 (Fla. 1957):
The general rule is that punitive damages are not recoverable for breach of contract, irrespective of the motive of defendant. But where the acts constituting a breach of contract also amount to a cause of action in tort there may be a recovery of exemplary damages upon proper allegations *823 and proof. In order to permit a recovery, however, the breach must be attended by some intentional wrong, insult, abuse or gross negligence which amounts to an independent tort.
Id. at 858. Since our decision in Griffith, we have repeatedly reaffirmed this rule. See Southern Bell Tel. and Tel. Co. v. Hanft, 436 So.2d 40 (Fla.1983); Lewis v. Guthartz, 428 So.2d 222 (Fla.1982); Grossman Holdings Ltd. v. Hourihan, 414 So.2d 1037, 1040 (Fla. 1982); Nicholas v. Miami Burglar Alarm Co., 339 So.2d 175 at 177-78 (Fla.1976); Masciarelli v. Maco Supply Corp., 224 So.2d 329, 330 (Fla.1969). We do so again here. Accordingly, we approve the district court's decision.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] We note that the district court certified the question to us before our decision in Ethan Allen was issued.
[2] At the time the two parties entered the contract, Ferguson went by the name Murray Van & Storage, Inc. To avoid unnecessary confusion, we refer to the petitioner as Ferguson throughout the opinion.
[3] Advance Relocation also goes by the name Wilkinson Moving and Storage Company.
[4] North American is the only defendant involved in this appeal.