PER CURIAM.
Kurt F. Hollfelder brought an action to recover damages against several defendants as a result of certain failed business transactions. In addition to the principals, Hollfelder sued William Finger and the law firms of Mahoney, Adams, and Criser and McGuire, Woods, Battle, and Boothe (the “law firm defendants”) on grounds of fraud, breach of fiduciary duty, aiding and abetting, and other theories. All of Holl-felder’s claims against the law firm defendants are shareholder derivative actions.
After extensive discovery, Hollfelder sought to amend his complaint to state a claim for punitive damages. The law firm defendants’ motion to strike the punitive damages claims against them was denied and they have timely petitioned for a writ of certiorari to review that order.
We first address the issue of our jurisdiction. In Globe Newspaper Co. v. King, 658 So.2d 518 (Fla.1995), the court held that certiorari review was available to determine if a trial court had followed the procedural requirements of statute in deciding the threshold question of plaintiffs right to make a claim for punitive damages, but not to review the trial court’s decision on the adequacy of the evidence. Here, as in Nova Southeastern University v. McCollough, 693 So.2d 1125 (Fla. 4th DCA 1997), petitioners argue they are not liable for punitive damages as a matter of law. We agree with the Fourth District’s conclusion in Nova, as clarified in Ortega v. Silva, 712 So.2d 1148 (Fla. 4th DCA 1998), and conclude the trial court’s order is reviewable by certiorari.
On the merits, petitioners rely primarily on Lanman Lithotech, Inc. v. Gurwitz, 478 So.2d 425 (Fla. 5th DCA 1985), which held that, because of the equitable nature of shareholder derivative actions, punitive damages were not available to plaintiffs asserting such claims. Hollfelder successfully argued below, and continues to argue before this court, that legislation enacted after Lanman has effectively overruled its holding. The first of these is section 607.07401, Florida Statutes, relating to shareholders’ derivative actions and first enacted in 1989. This statute created additional requirements for such suits but did not change their traditional equitable nature. See Kaplus v. First Continental Corp., 711 So.2d 108 (Fla. 3d DCA), review denied, 725 So.2d 1107 (Fla.1998); Provence v. Palm Beach Taverns, Inc., 676 So.2d 1022 (Fla. 4th DCA 1996); South End Improvement Group v. Mulliken, 602 So.2d 1327 (Fla. 4th DCA 1992). We find respondent’s rebanee on sections 768.72 and 768.73 similarly misplaced. These statutory sections were included in the “Tort Reform and Insurance Act of 1986” where the Legislature announced its intention to address a financial crisis in the liability insurance industry caused by a dramatic increase in the cost of such coverage. Chapter 86-160, Laws of Florida. These statutes bmit the circumstances in which punitive damages are available, eliminating unfounded claims for punitive damages and the intrusive discovery of the defendant’s financial worth which follow. It would be illogical to read these statutes as expanding the types of cases where punitive damages may be awarded absent very clear language to that effect and we do not find such language in the statutes. Decisions in other contexts do not support respondent’s contention that punitive damages are awardable in ab civil actions after enactment of sections 768.72 and .73. See Ferguson Transportation, Inc. v. North American Van Lines, Inc., 687 So.2d 821 (Fla.1996) (contract); Beers v. Beers, 724 So.2d 109 (Fla. 5th DCA 1998) (dissolution of marriage).
Based on the above discussion, we find that Lanman is still a correct statement of the law with regard to the award of punitive damages in a shareholder’s derivative *587 action. Accordingly, we grant the petition and issue our writ of certiorari, remanding to the trial court with directions to grant the law firm defendants’ motion to strike.
PETITION GRANTED.
KAHN, DAVIS and VAN NORTWICK, JJ., concur.