PER CURIAM.
Petitioners, Chemplex Industries, Inc., a Florida corporation and Monte Solazzi, seek certiorari review of a non-final order that granted Respondents, Anthony and Maria Norelli (Norellis), leave to amend their Fourth Amended Counterclaim to add punitive damage claims. We grant the petition for certiorari and quash the order allowing the amendment.
The Norellis brought a five-count counterclaim against Chemplex Florida and So-lazzi, its sole shareholder, president, and director. The Norellis brought these counterclaims in their derivative capacity, as shareholders of Chemplex Industries, Inc., a New York corporation (Chemplex New York). The Norellis are shareholders, officers, and directors of Chemplex New York. Their Fourth Amended Counterclaim alleged breach of fiduciary duty (Count I) and misappropriation and conversion of assets including trade secrets (Count II).
The Norellis sought to amend their Fourth Amended Counterclaim to include punitive damages.[1] At the hearing on *549 their motion, Petitioners objected that punitive damages were not recoverable in shareholder derivative lawsuits and that the Norellis failed to show malicious intent. The trial court granted the Norellis’ motion to amend their pleading to add claims for punitive damages limited to Counts I and II. The Norellis, thereafter, filed their Fifth Amended Counterclaim, in which they sought relief both individually and derivatively as shareholders on behalf of Chemplex New York.
We agree with Petitioners that the trial court erred when it allowed the No-rellis to add punitive damages claims to them Fifth Amended Counterclaim. The allegations contained in Counts I and II support the Norellis’ claims only in their derivative capacity notwithstanding their argument that their claims were brought in both individual and derivative capacities.
Shareholder derivative actions are equitable actions. See Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 548, 69 S.Ct. 1221, 93 L.Ed. 1528 (1948). A plaintiff in a shareholder’s derivative action against officers and directors of corporation cannot recover punitive damages in the absence of any statutory authority. Lanman Lithotech, Inc. v. Gurwitz, 478 So.2d 425 (Fla. 5th DCA 1985), rev. denied, 488 So.2d 830 (Fla.1986)(“As a shareholder’s derivative action is an equitable action, plaintiffs’ demand for relief as to punitive damages runs counter to the traditional view that equity will not award punitive damages unless authorized by statute.”). See also McGuire, Woods, Battle & Boothe, L.L.P. v. Hollfelder, 771 So.2d 585, 586-87 (Fla. 1st DCA 2000)(“[W]e find that Lawman is still a correct statement of the law with regard to the award of punitive damages in a shareholder’s derivative action.”). Sections 768.72 and 768.73, Florida Statutes, relied upon by the Norel-lis, do not provide this statutory authority. See McGuire, 771 So.2d at 586-87.
The Norellis’ bare assertion that they were damaged individually must be viewed in the light of the allegations contained in Counts I and II of their Fifth Amended Counterclaim. The Norellis’ allegation that they were harmed individually is not itself conclusive without additional factual allegations showing their injuries were separate and apart from those of other shareholders. In Fort Pierce Corp. v. C.L. Ivey, 671 So.2d 206 (Fla. 4th DCA 1996), this court explained' the distinction between derivative shareholder and individual claims:
Shareholders’ derivative actions are brought under section 607.07401, Florida Statutes. The courts have defined a derivative suit as an action in which a stockholder seeks to enforce a right of action existing in the corporation. Citizens Nat’l Bank of St. Petersburg v. Peters, 175 So.2d 54 (Fla. 2d DCA 1965) (citing James Talcott, Inc. v. McDowell, 148 So.2d 36 (Fla. 3d DCA 1962)). Conversely, a direct action, or as some prefer, an individual action, is defined as a suit by a stockholder to enforce a right of action existing in the stockholder. Id. at 56. What these definitions convey is that stockholders may bring a suit in their own right to redress an injury sustained directly by them individually and which is separate and distinct from that sustained by other stockholders. If, however, the injury is primarily against the corporation, or the stockholders generally, then the cause of action is in the *550 corporation and the individual’s right to bring it is derived from the corporation.
Id. at 206-07 (emphasis added).
The Fourth Amended Counterclaim states it is filed “derivatively as shareholders on behalf of Chemplex New York” and that they “are shareholders, officers and directors of Chemplex New York.” The alleged wrongs were against Chemplex New York and the Norellis as shareholders. Our review of Counts I and II in the Fourth and Fifth Amended Counterclaims reveal the Norellis have not alleged injuries separate and distinct from that sustained by any other shareholder of the corporation. Accordingly, we grant the petition and quash the order below.
CERTIORARI GRANTED.
DELL, KLEIN, and HAZOURI, JJ., concur.

. The Norellis proffered that Solazzi, without notice to any shareholders of Chemplex New York, executed documents withdrawing the authorization of Chemplex Florida from doing business in Florida, and then transferred and conveyed the assets of Chemplex New York to *549 his company, Chemplex Instrumentation, a Florida corporation, and then changed the name of Chemplex Instrumentation to Chem-plex Industries and resumed business in Florida.