PER CURIAM.
 

 Petitioner HCA Health Services of Florida, Inc. (HCA) seeks certiorari relief from
 
 *936
 
 a Martin County Circuit Court order which granted a motion by respondent Cy-berknife Center of the Treasure Coast, LLC (Cyberknife) to amend its second amended complaint to add a claim of punitive damages in a count alleging fraudulent inducement to contract. We conclude that this order departs from the essential requirements of law resulting in material harm of an irreparable nature in that it subjects petitioner to financial worth discovery when a contract on which it was based expressly provided for waiver of punitive damages and where Cyberknife has not shown any other basis for entitlement to make such a claim.
 
 Chemplex Fla. v. Norelli,
 
 790 So.2d 547 (Fla. 4th DCA 2001) (entertaining certiorari review of order granting leave to amend to add punitive damages claim where there was no legal basis demonstrated for it).
 

 Cyberknife sought damages for the fraudulent inducement, thereby affirming the contract including its provision for waiver of punitive damages.
 
 Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co.,
 
 761 So.2d 306, 313 (Fla.2000);
 
 see also Kaplan v. Kimball Hill Homes Fla., Inc.,
 
 915 So.2d 755 (Fla. 2d DCA 2005).
 

 Even if it should later elect the equitable remedy of rescission in the alternative on its count for fraudulent inducement to contract, Cyberknife still would not be entitled to claim punitive damages.
 
 Hoppe v. Hoppe,
 
 370 So.2d 374 (Fla. 4th DCA 1978),
 
 cert. denied,
 
 379 So.2d 206 (Fla.1979).
 

 Therefore, we quash the circuit court’s order and remand for further proceedings.
 

 MAY, CIKLIN and LEVINE, JJ., concur.